**TELE–MEDIA COMPANY OF WESTERN CONNECTICUT,**
Plaintiff,

v.

**Lisa ANTIDORMI, et al., Defendants.**

**No. 3:97CV2433 (RNC).**

United States District Court,
D. Connecticut.

March 24, 1998.

Burton B. Cohen, Murtha, Cullina, Richter & Pinney, New Haven, CT, for Tele–Media Company of Western Connecticut.

Gary P. Cahill, Shelton, CT, for Alan Aubin, Dominick Bellucci, Edward Marganski, Istvan Sudar, and Gary Thibeault.

Matthew P. Woermer, Naugatuck, CT, for Paul Bozzuto, James Burns, Evelyn Craft, John Dellorso, Ronald Dobson, Kathryn Drysdale, James Hall, Barry Harvey, Susan Jones, Tracy Knodor, John Manforte, Clifford Pixton, Paul Russell, Bruce Schmidt, and Penny Tinney.

Mark F. Lee, Waterbury, CT, for Glenn Feigenblat.

Glenn A. Duhl, John M. Simon, Siegel, O'Connor, Schiff & Zangari, New Haven, CT, for Nicholas Filipowich.

Cheryl Porrini, Louisville, KY, Pro se.

Kathryn Suprenvich, Beacon Falls, CT, Pro se.

## ORDER

CHATIGNY, District Judge.

Plaintiff, a provider of cable television service in an eight-town area in Connecticut, has joined 104 individual defendants in this action, claiming that each one used an altered converter to cause unauthorized reception of plaintiff's premium or pay-per-view programming in violation of 47 U.S.C. § 553. No conspiracy or joint action is alleged on the part of any defendant. Plaintiff seeks statutory damages. The statute authorizes damages of $250 to $10,000, unless the violator was not aware his acts constituted an offense, in which case the damages may be not less than $100, or the violation was committed willfully and for financial gain, in which case the court has discretion to award up to $50,000.

Fed.R.Civ.P. 20 provides that persons may be joined in one action as defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences...." In response to an order to show cause why joinder of 104 defendants in this action is permissible under Rule 20, plaintiff has filed a memorandum contending that the "same transaction" requirement is satisfied because each defendant's alleged violation came to light as a result of an electronic countermeasure plaintiff instituted in March 1996 to detect and disable altered converters. However, plaintiff's right to relief as to any of the defendants does not arise out of the electronic countermeasure; it arises out of the defendant's alleged use of an altered converter in violation of the statute. In the absence of any claim that the defendants conspired or acted jointly, the same transaction requirement of Rule 20, even when read as broadly as possible, is plainly not satisfied.

In *Movie Systems, Inc. v. Abel,* 99 F.R.D. 129 (D.Minn.1983), a distributor of television programs sued 1795 individuals for pirating its microwave signals. Eighteen separate actions were brought with approximately 100 defendants named in each. The court found that the defendants were misjoined under Rule 20 because no joint action was alleged, citing *Nassau County Assoc. of Ins. Agents, Inc. v. Aetna Life,* 497 F.2d 1151 (2d Cir. 1974). The opinion in *Movie Systems* does not indicate whether the alleged thefts were detected as part of a single investigation. But whether they were is of no consequence because there was no allegation that the defendants acted other than independently.

Permitting plaintiff to join numerous defendants in a single action serves the interests of all the parties in reducing plaintiff's fees and costs.[1] However, a single action imposes significant burdens on the Clerk's office. Each time an order is docketed in the case, the Clerk is obliged to prepare and mail a copy of the order to every defendant who has appeared pro se or through counsel. Thus, an endorsement order granting a defendant's motion for an enlargement of time must be copied and sent to all appearing defendants. If the defendants were sued in separate actions, any order would be copied and sent to the defendant and plaintiff only.

Though the balance of pragmatic considerations may arguably point toward permitting the action to proceed as is, at least until the eve of trial, the same transaction test of Rule 20 stands in the way. Unless that requirement is to be ignored, the advantages of a single action must be achieved, to the extent

---

1. Defendants are potentially liable for plaintiff's fees and costs under 47 U.S.C. § 553(c)(2)(C).

they can be, through consolidation or other means.

Rule 21 provides that misjoinder is not ground for dismissal and that parties may be dropped on such terms as are just. Plaintiff emphasizes that it has already served almost all the defendants and has negotiated settlements with many of them. Accordingly, plaintiff will be given an opportunity to file and serve a memorandum on or before April 10, 1998, proposing terms on which the misjoinder should be corrected. All other parties may file and serve memoranda commenting on plaintiff's proposal on or before April 20, 1998.