**DIRECTV, Plaintiff,**

v.

**Tom LOUSSAERT, Karen Muetzel, Theresa Frazer, Donald Drach, Chris Blasen, Lance Eversoll and, Clifford Skidmore, Defendants.**

No. 3:03–CV–40053.

United States District Court,
S.D. Iowa,
Davenport Division.

Oct. 2, 2003.

Scott L. Long, Rebecca A. Brommel, Brown, Winick, Graves, Gross, Baskerville & Schoenebaum PLC, Des Moines, IA, John H. Jamnback, Tamara J. Conrad, Yarmuth, Wilsdon, Calfo PLLC, Seattle, WA, for plaintiff.

G. David Binegar, Davenport, IA, Paul L. Macek, Dircks, Ridenour, Norman & Macek, Davenport, IA, Kevin L. Halligan, Bush, Motto, Creen & Koury PLC, Davenport, IA, Elliott R. McDonald, III, McDonald, Stonebraker, Cepican & Woodward PC, Davenport, IA, for defendants.

### ORDER GRANTING DEFENDANT EVERSOLL'S MOTION TO SEVER

GRITZNER, District Judge.

This matter comes before the Court on Defendant Eversoll's Motion to Sever filed June 26, 2003 (Clerk's No. 10). Defendant asks the Court to sever the action against him pursuant to Federal Rule of Civil Procedure ("Rule") 42; however, he concedes that the relief he requests is properly pleaded pursuant to Federal Rules of Civil Procedure 20 and 21. The Court addresses the motion accordingly.

### FACTS

DIRECTV, a California-based company, develops satellite systems which transmit di-

gitalized signals to homes and businesses nationwide for entertainment purposes. DIRECTV relays digital signals to satellites affixed above the Earth which are then broadcast back to Earth and received by a fixed outdoor satellite dish ("Dish") designed to capture the signals. The Dish is connected to an indoor satellite receiver which is connected to a television monitor. To protect its signal from unauthorized reception, DIRECTV uses encryption technology to digitally scramble the signal making the signal unusable until it is unscrambled.

Unscrambling is accomplished through a satellite receiver ("Receiver") which contains a removable and programmable access card ("Card"). The Card allows the opening and closing of those channels offered by DIRECTV. Customers pay a monthly fee to have the Card electronically programmed to unscramble selected channels and programs.

Since DIRECTV's main revenue source is from paid subscriptions, it has a significant interest in preventing unauthorized receipt and use of DIRECTV programming. Despite encryption technology, individuals within and outside the United States have developed devices and equipment which allow pirated access to DIRECTV's programming without paying a fee to DIRECTV.

On May 25, 2001, with the assistance of law enforcement, DIRECTV executed writs of seizure upon "Fulfillment Plus", a mail shipping facility in California used by several major sources of pirate technology. As a result of this and subsequent raids, DIRECTV came into possession of sales records, shipping records, email communications, credit card receipts, and other records which allegedly show the defendants in this action purchased pirate access devices from several pirate technology sources. Specifically, those records indicate that on April 10, 2001, Eversoll allegedly purchased from Canadian Security and Technology an "unlooper" which is a preprinted circuit board device designed to allow surreptitious interception of DIRECTV programming.[1] The device was ordered using interstate wire facilities and was shipped by way of the United States Postal Service or commercial mail carrier to Eversoll's residence at 2223 W. 46th St., Davenport, Iowa.

DIRECTV brought this lawsuit alleging Eversoll and six other defendants violated federal law when they effected unauthorized interception and receipt of Satellite Programming through the use of this illegal satellite decoding device or by manipulation of the satellite system authorized to carry the Satellite Programming. DIRECTV asserts all seven defendants violated 47 U.S.C. § 605(a), 18 U.S.C. § 2511(1)(a) and 18 U.S.C. § 2512(1)(b); and requests statutory damages and injunctive relief. DIRECTV does not allege the defendants named in this action conspired or otherwise acted in concert in purchasing the pirate access devices.

Service has been effected upon all defendants named in this action. Eversoll was personally served on June 9, 2003, at his residence in Davenport, Iowa and answered the Complaint on June 16, 2003.

On June 26, 2003, Eversoll filed this Motion arguing the Court should sever the cause of action against Eversoll from the action against the other six defendants because: (1) this is not a class action; (2) the

---

**1.** As to the other defendants, the Complaint alleges: (1) on March 13, 2001, Loussaert purchased an unlooper and a programmer from Vector Technologies which were shipped to his address in Long Grove, Iowa; (2) on March 26, 2001, Muetzel purchased two "bootloader" boards from Card Unlooping which were shipped to her residence in Clinton, Iowa; (3) on May 21, 2001, Frazer purchased two "Emulator/BootLoader/Nextgen Combos", a printed "Emulator" circuit board, and a preprinted "Emulator/Nextgen2 Combo" circuit board from

Intertek Technologies which were shipped to her residence in Leclaire, Iowa; (4) on November 9, 2001, Drach purchased an unlooper from Vector Technologies which was shipped to his residence in Leclaire, Iowa; (5) on May 10, 2001, Blasen purchased an unlooper and an emulator from Canadian Security and Technology, which were shipped to his residence in Tiffin, Iowa, and (6) on March 30, 2001, Skidmore purchased an Unlooper from Canadian Security and Technology which was shipped to his residence in Wapello, Iowa.

facts against each defendant are distinct and separate and constitute separate claims and causes of action; (3) the only basis for the consolidation of these proceedings is for the plaintiff to save the expense of multiple filing fees; and (4) each defendant will be required to expend additional effort due to the consolidation, having to deal with information and discovery which is pertinent only to other defendants, such as, expert testimony, documents, claims, and depositions.

Eversoll argues he will be prejudiced if he has to defend this matter in the same trial as other defendants due to confusion of issues, additional costs and expenses of a multidefendant trial and the likelihood the jury would fail to distinguish the facts applicable to each defendant. Eversoll further points out that he is the only defendant to demand a jury trial.

Eversoll urges the Court to use its discretion under Rule 21 to drop a party or to sever a claim against a party which was not properly joined under Rule 20.[2] In support of severance, Eversoll argues the claims against each defendant do not arise from the same transaction nor is there an allegation that the defendants acted in concert, rather all allegations are for individual acts committed at different times for separate purposes. Eversoll argues DIRECTV's vague reference to "devices" sent to a California distribution center during a seven month period do not demonstrate that the causes of action arose out of the same transaction or occurrence. Eversoll contends that allowing this joinder ignores the plain meaning of Rule 20.

DIRECTV resists Eversoll's motion arguing joinder of the defendants in the present action meets the requirements of Rule 20 and is consistent with the primary purpose of the Rule. DIRECTV asserts Rule 20 is afforded a liberal construction to promote convenience at trial and prevent multiple lawsuits. DIRECTV maintains that purpose is achieved in the present action because the claims against all defendants arise out of the same transactions or occurrences and there is a common question of law or fact among all defendants.

## DISCUSSION

Federal Rule of Civil Procedure 20(a) states in pertinent part:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed.R.Civ.P. 20(a).

Additionally, Rule 20(b) and Rule 42(b) vest in the district court the discretion to order separate trials or make such other orders as will prevent delay or prejudice. In this manner, the scope of the civil action is made a matter for the discretion of the district court, and a determination on the question of joinder of parties will be reversed on appeal only upon a showing of abuse of that discretion. To determine whether the district court's order was proper herein, we must look to the policy and law that have developed around the operation of Rule 20.

*Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974) (citing *Chi., R.I. & P.R. Co. v. Williams*, 245 F.2d 397, 404 (8th Cir. 1957)).

The purpose of the Rule is to entertain " 'the broadest possible scope of action con-

**2.** Federal Rule of Civil Procedure 21 states in pertinent part:
"Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed.R.Civ.P. 21.

sistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Id.* at 1332–33 (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). This does not mean all permissive joinder will be allowed. *Id.* at 1333. There are two specific requirements under Rule 20: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." *Id.* The determination of whether the situation constitutes the same transaction or occurrence for purposes of Rule 20, is determined on a case by case basis. *Id.*

In *Mosley v. General Motors Corp.,* the Eighth Circuit found the context of the phrase "transaction or occurrence" as used in Federal Rule of Civil Procedure 13(a) provided guidance for applying the same phrase in Rule 20. *Id.* "'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* (citing *Moore v. N.Y. Cotton Exch.,* 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750 (1926)). The court surmised that "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* (quoting 7 C. Wright, Fed. Prac. & Proc. § 1653 at 270 (1972)). However, in applying this transactional test, there are no "bright line" rules. *Bridgeport Music, Inc. v. 11C Music,* 202 F.R.D. 229, 232 (M.D.Tenn.2001).

In the present case, DIRECTV resists Eversoll's motion arguing permissive joinder is appropriate because the requirements of Rule 20 have been met. That is, DIRECTV alleges each defendant violated 47 U.S.C. § 605(a), 18 U.S.C. § 2511(1)(a) and 18 U.S.C. § 2512(1)(b), therefore, identical questions of law have been asserted against all seven defendants. Furthermore, DIRECTV seeks identical statutory damage and injunctive relief from each defendant.

DIRECTV further argues the second requirement of Rule 20 has been met because the claims against the defendants arise out of the same transaction. To support this argument, DIRECTV submits that the factual backgrounds of the claims are "strikingly similar", all the pirate access devices were shipped through a single mail distribution center in California, and the transactions all occurred within the same brief seven month period. DIRECTV asserts the allegation that each defendant intended to illegally intercept DIRECTV's satellite transmission also supports the "same transaction or occurrence" requirement. DIRECTV argues Eversoll's motion should be denied pursuant to the liberal application standard of Rule 20 as set forth by the United States Supreme Court. *See Mosley,* 497 F.2d at 1332 (citing *United Mine Workers,* 383 U.S. at 724, 86 S.Ct. 1130).

Although the same transaction or occurrence requirement of Rule 20 may be construed liberally, this does not mean joinder is proper in the absence of a transactional link. *Id.* at 1332. While DIRECTV alleges all defendants have violated the same statutes under which it is entitled to relief, the alleged violations of each defendant did not arise out of the same transaction or occurrence.

In *Mosley,* the court concluded the plaintiff met the same transaction or occurrence requirement because "a company-wide policy purportedly designed to discriminate against blacks in employment similarly arises out of the same series of transactions or occurrences." *Id.* at 1334. Here, DIRECTV cannot point to a common policy among the defendants. The same transaction or occurrence in *Mosley* was satisfied because the separate acts allegedly committed by each of the defendants promoted a common discriminatory purpose. *Id.*

In the present case, DIRECTV argues its allegation of a common purpose is enough. The Court disagrees. In *Mosley,* the argument in favor of joinder was that the individual defendants acted to promote a company-

wide discriminatory purpose; here, the seven defendants acted independently, each for his own individual purpose. DIRECTV suggests because it was wronged in the same way by several different individuals, the transactional requirement of Rule 20 is met. Such a reading of Rule 20 would improperly expand the Rule. DIRECTV also asserts common to all defendants is the distribution center used by various pirate access device vendors, the transactions were all made over a short period of time and mailed to proximate locations. The Court does not agree that these transactions occurred near in time or location.[3] Furthermore, each transaction represents a separate and independent act. No defendant knew of the others' transactions or purposes.

The United States District Court for the Eastern District of New York recently addressed a motion to sever in a similar suit filed by DIRECTV. Judge Arthur Spatt granted the motion and advised DIRECTV "that all future claims of this nature must be instituted separately against individual defendants." *DIRECTV, Inc. v. Armellino,* 216 F.R.D. 240, 241 (E.D.N.Y.2003). Judge Spatt reasoned the "claims turn on the fact-specific question of whether each defendant intercepted DIRECTV's broadcasts." *Id.*

Similarly, in *Tele–Media Co. of Western Connecticut v. Antidormi,* the district court found plaintiff cable service provider's single action against 104 defendants for violation of a pirating statute was improperly joined. *Tele–Media Co. Of W. Conn. v. Antidormi,* 179 F.R.D. 75, 76 (D.Conn.1998). In *Antidormi,* all the defendants were discovered when the plaintiff implemented an electronic countermeasure which detected and disabled the illegal converters the defendants were using to obtain unauthorized access to plaintiff's cable service. *Id.* The plaintiff argued the joint discovery of the alleged violations

satisfied the same transaction requirement of Rule 20. *Id.* The court reasoned that Tele–Media's right to relief arose out of each defendants' independent use of the decoding device, not from the countermeasure. *Id.* The court further reasoned that joinder was improper because there were no allegations that the defendants acted other than independently. *Id.* (citing *Movie Sys., Inc. v. Abel,* 99 F.R.D. 129, 130 (D.Minn.1983)). The court added:

> [A] single action serves the interests of all the parties in reducing plaintiff's fees and costs. However, a single action imposes significant burdens on the Clerk's office. Each time an order is docketed in the case, the Clerk is obliged to prepare and mail a copy of the order to every defendant who has appeared pro se or through counsel.

*Id.* (footnote omitted).

The court remarked that although there might be pragmatic purposes for keeping the actions together, the same transaction requirement of Rule 20 stood in the way. *Id.* The court ordered severance of the claims concluding the advantages of a single action could be achieved through consolidation for pre-trial purposes and was not available through improper joinder. *Id.*

In *Antidormi,* the court found plaintiff's joint discovery of all defendants during its countermeasure did not satisfy the same transaction requirement of Rule 20. *Id.* Here, DIRECTV's discovery of the seven defendants through the seizure of records at the mailing facility, similarly does not satisfy the same transaction requirement of Rule 20. DIRECTV's right to relief arises from the defendants' independent possession and use of the pirate access devices, *see* 47 U.S.C. § 605(a), 18 U.S.C. § 2511(1)(a) and 18 U.S.C. § 2512(1)(b), therefore, the joinder of defendants in the present case is improper.

---

**3.** Six of the Defendants allegedly purchased the pirate access devices between March and May 2001; one defendant allegedly purchased devices in November 2000. The devices were shipped to the defendants in six different Iowa cities: Long Grove, Clinton, Leclaire, Tiffin, Davenport and Wapello.

Purchases made over a seven month period of time is not a "brief" period of time, nor are the defendants located near one another. For example, Defendant Skidmore's device was shipped to Wapello, Iowa which is located approximately one hundred miles southwest of Clinton, Iowa where Defendant Muetzel's device was shipped.

For the aforementioned reasons and pursuant to Federal Rule of Civil Procedure 21, Defendant Eversoll's Motion to Sever (Clerk's No. 10) is **granted**. The Clerk of Court is directed to sever the claim against Defendant Eversoll from the above captioned action. Having found the action was improperly joined, the Court orders DIRECTV to pay the filing fees and costs related to severing and reassigning this action. The Court anticipates DIRECTV will commence future actions in light of this Order.

**IT IS SO ORDERED.**