**DIRECTV, INC., Plaintiff,**

v.

**Scott BARRETT, et al., Defendants.**

**Nos. 03–2287–GTV, 03–2543–GTV, 03–2544–GTV, 03–2585–GTV, 03–2604–GTV.**

United States District Court, D. Kansas.

March 19, 2004.

Robert P. Numrich, Todd M. Johnson, John J. Gates, Baty, Holm & Numrich, PC, Kansas City, MO, for Plaintiff.

Clayton White, Olathe, KS, pro se.

Robert S. Caldwell, Caldwell & Moll, L.C., Robert R. Laing, Jr., Law Office of Robert R. Laing, Jr., J. Steven Schweiker, William M. Nelson, Law Offices of William M. Nelson

LLC, Mark D. Hinderks, Donald C. Ramsay, Stinson, Morrison, Hecker LLP, Overland Park, KS, David S. Rauzi, Law Office of David S. Rauzi, Kansas City, MO, Corlin J. Pratt, Grace, Unruh & Pratt, L.C., Michael E. Foster, Bonwell, Foster, Borniger & Ellis, Jack Peggs, Law Offices of Jack Peggs, H. Alec Nguyen, Nguyen Law Offices, LLC, Wichita, KS, for Defendants.

Isaac Keith Silverson, Lawrence, KS, pro se.

### MEMORANDUM AND ORDER

VANBEBBER, Senior District Judge.

In these cases, Plaintiff DIRECTV alleges that the defendants surreptitiously intercepted and decrypted DIRECTV's satellite signals using devices intended for that purpose, ultimately to gain free viewing of satellite television programming. The cases arise out of DIRECTV's acquisition of shipping records of distributors of devices intended for satellite television signal interception and decryption. DIRECTV brings five Counts against each defendant in each case. Counts One and Four concern violations of the Cable Communications Policy Act. Count Two alleges interception and disclosure of DIRECTV's electronic communications in violation of 18 U.S.C. § 2511. Count Three alleges possession, manufacture, and/or assembly of devices used for surreptitious interception of electronic communications in violation of 18 U.S.C. § 2512, and Count Five alleges civil conversion.

DIRECTV brings each case against multiple defendants. The cases come before the court on motions to sever the claims against each defendant. This court has before it the following motions for severance in the following cases:

| | |
|---|---|
| 03–2287–GTV | Docs. 77 and 78 |
| 03–2543–GTV | Docs. 24 and 25 |
| 03–2544–GTV | Docs. 18, 19, and 20 |
| 03–2585–GTV | Doc. 8 |
| 03–2604–GTV | Doc. 9 |

For the reasons set forth below, the court denies the defendants' motions.

■ Parties are properly joined under Fed.R.Civ.P. 20(a) when claims against the joined parties arise out of the same transaction or occurrences, and have common questions of law or fact. Rule 20(a) provides in part:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

The purpose of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed.2001). Rule 20(a) is to be construed broadly and "joinder of claims, parties, and remedies is strongly encouraged." *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D.Kan.2001) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Misjoinder is not grounds for dismissal. Fed.R.Civ.P. 21. Severance is the proper remedy for misjoinder and "[w]hether to sever claims under Rule 21 is within the court's discretion." *Biglow*, 201 F.R.D. at 519.

■ The first requirement for joinder is that the claims must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed.R.Civ.P. 20(a). " 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (citation and internal quotation marks omitted); *see also LASA Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 147 (6th Cir.1969). "[L]anguage in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan

Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1653.

■ DIRECTV alleges that each defendant in each case purchased one or more devices, identical or nearly identical, designed to illegally intercept satellite signals or facilitate illegal interception. In each case, the records and other information that serve as the basis of DIRECTV's claims arise from the same investigations and raids. DIRECTV will likely introduce similar or identical evidence against each of the defendants in each case. The court concludes that, applying a flexible definition of "transaction," the claims against the defendants have a "logical relationship" such that they may be found to "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." *See Mosley*, 497 F.2d at 1333; Fed.R.Civ.P. 20(a).

The court also concludes that the claims against the defendants involve at least one common question of law or fact. DIRECTV seeks redress under identical legal theories against each of the defendants in each case. The claims in each complaint and the law under which they are brought are the same. Based on DIRECTV's allegations, the claims in each case involve at least one common question of law.

■ Some defendants argue that they will be prejudiced by failure to sever the claims. At this stage of the litigation, the court cannot conclude that any prejudice to the defendants will outweigh the judicial economy of joinder of claims. To the contrary, the defendants may ultimately benefit from leaving the claims joined; the fewer cases DIRECTV is managing, the better DIRECTV can control its costs—costs which potentially could be borne by the defendants. However, the court reserves the right to rule at a later time that the claims should be severed for trial.

This court has previously faced the question of whether to sever claims in a DIRECTV case filed in the District of Kansas. In *DIRECTV, Inc. v. Hosey*, this court declined to sever the claims because the court was not prepared to hold that the claims did not arise out of the same "transaction, occur-

rence, or series of transactions or occurrences." 289 F.Supp.2d 1259, 1262 (D.Kan. 2003) (citing Fed.R.Civ.P. 20). The court noted that the case appeared to involve common questions of law as required by Rule 20(a). *Id.* Accordingly, it exercised its judicial discretion to keep the parties joined, while reserving the right to sever the cases for trial under Rule 20(b). *Id.*

The court recognizes that since its holding in *Hosey*, numerous district courts across the nation have ordered severance of claims in DIRECTV cases. *E.g., DIRECTV, Inc. v. Boggess*, 300 F.Supp.2d 444, 450 (S.D.W.Va. 2004); *DirecTV, Inc. v. Perez*, No. 03 C 3504, 2003 WL 22682344, at *1 (N.D.Ill. Nov.12, 2003); *DIRECTV v. Loussaert*, 218 F.R.D. 639, 643–44 (S.D.Iowa 2003); *DIRECTV, Inc. v. Armellino*, 216 F.R.D. 240, 240 (E.D.N.Y. 2003). But other courts have also declined to sever the claims. *E.g., DIRECTV, Inc. v. Adkins*, No. 1:03CV00064, 2003 WL 23096482, at *2 (W.D.Va. Dec.29, 2003); *DIRECTV, Inc. v. Flores*, No. H–03–846 (S.D. Tex. June 12, 2003); *DIRECTV, Inc. v. Ellebracht*, No. 02–1496 (E.D.Mo. Nov. 26, 2002). This court elects to follow its ruling in *Hosey* and declines to sever the claims at this time. Again, the court reserves the right to sever the claims for trial if it will prevent delay or prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED that the defendants' motions to sever are denied. Specifically, the following motions in the following cases are denied:

| | |
|---|---|
| 03–2287–GTV | Docs. 77 and 78 |
| 03–2543–GTV | Docs. 24 and 25 |
| 03–2544–GTV | Docs. 18, 19, and 20 |
| 03–2585–GTV | Doc. 8 |
| 03–2604–GTV | Doc. 9 |

Copies or notice of this order shall be transmitted to counsel of record.

**IT IS SO ORDERED.**