**540**

In re: DIET DRUGS (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation

Mike Cockrell, et al.

v.

Wyeth, et al.

No. MDL NO. 1203.
Civ.A. 03–20626.

United States District Court,
E.D. Pennsylvania.

May 18, 2004.

Merrida P. Coxwell, Jr., Charles Richard Mullins, Coxwell & Associates, PLLC, Jackson, MS, Sylvia Davidow, G. Sean Jez, Fleming & Associates, L.L.P., Houston, TX, for Plaintiffs.

Fred L. Banks, Jr., James Shelson, Phelps Dunbar, William M. Gage, Butler Snow O'Mara Stevens & Cannada, Jackson, MS, Jennifer Hawks Bland, U.S. Commodity Futures Trading Commission, Washington, DC, for Defendants and Cross Defendant.

Paul B. Kerrigan, Caroline A. Flotron, Reed Smith LLP, Philadelphia, PA, Robyn M. Holtzman, Arnold & Porter LLP, Washington, DC, for Defendants.

Thomas R. Mayfield, Thomas E. Royals, Royals & Mayfield, PLLC, Jackson, MS, for Cross Claimant.

*MEMORANDUM AND PRETRIAL ORDER NO. _____*

BARTLE, District Judge.

THIS DOCUMENT RELATES TO:

The issue before the court is whether each plaintiff whose claims have been severed in a multi-plaintiff action must pay the $150 filing fee under 28 U.S.C. § 1914(a).

The undersigned is overseeing the nationwide class action settlement as well as the multidistrict litigation involving Wyeth's diet drugs Pondimin and Redux which were withdrawn from the market in September, 1997. Under the court approved nationwide class action Settlement Agreement ("Settlement Agreement"), a Trust funded by Wyeth [1] was established to pay benefits to those who suffered damages from ingesting these diet drugs. However, class members, under certain circumstances, are permitted to exercise an intermediate or back-end opt-out. *Brown v. American Home Products Corporation,* CIV. A. No. 99–20593, 2000 WL 1222042 (E.D.Pa. Aug. 28, 2000) (Pretrial Order ("PTO") No. 1415); Settlement Agreement at § IV(A), (B), and (D)(4). Instead of receiving benefits from the Trust, those who opt out may sue Wyeth in the tort system for compensatory but not punitive, exemplary or multiple damages. Settlement Agreement § IV.D.3.c. There are currently tens of thousands of such opt-outs.

The sixty-two plaintiffs involved here opted out and filed a single action against Wyeth and others in the Mississippi Circuit Court. *Mike Cockrell, et al. v. Wyeth, et al.* (Miss. Cir. Ct. Smith County, filed Nov. 26, 2002). Wyeth removed the action, and it was then transferred to this court as part of MDL 1203. Thereafter, this court denied plaintiffs' motion to remand on the ground of fraudulent joinder of non-diverse defendants. *See* PTO No. 3350.

On April 20, 2004, we issued PTO No. 3448 requiring the severance of the claims of all sixty-two plaintiffs on the ground of misjoinder. While all plaintiffs allege to have suffered valvular heart disease as a result of using Pondimin or Redux, their claims clearly do not arise out of the same transaction, occurrence or series of trans-

actions or occurrences. *See* Fed.R.Civ.P. 20. Moreover, proceeding with this one action with multiple plaintiffs would severely impair the efficient administration of justice, including discovery in MDL 1203. *See* Moore's Federal Practice §§ 21.02(1) and 21.05. Accordingly, the court exercised its authority under Rule 21 of the Federal Rules of Civil Procedure, which provides, "any claim against a party may be severed and proceeded with separately." We ordered each plaintiff to file a "severed and amended complaint" within sixty days and directed the clerk of this court to assign each a separate civil action number. In addition, we required each plaintiff to pay the $150 fee when filing a severed and amended complaint or suffer dismissal with prejudice.

■ The plaintiffs do not object to the severance provisions of PTO No. 3448. Their motion for "partial reconsideration" simply challenges the requirement that each of them remit a filing fee to the clerk.

■ The statute in issue, 28 U.S.C. § 1914(a), reads:

> The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $150, except that on application for a writ of habeas corpus the filing fee shall be $5.

Section 1914(a) has two salutary purposes. First, it is a revenue raising measure. The filing fees are deposited with the Treasury, with $90 of each fee designated to a special fund "to be available to offset funds appropriated for the operation and maintenance of the courts of the United States." 28 U.S.C. § 1931(a). Second, § 1914(a) acts as a threshold barrier, albeit a modest one, against the filing of frivolous or otherwise meritless lawsuits.

---

1. Wyeth was previously known as American Home Products Corporation ("AHP").

Had each plaintiff initially instituted a separate lawsuit as should have occurred here, a fee would have been collected for each one for a total of more than $9,000. Thus, the federal fisc and more particularly the federal courts are being wrongfully deprived of their due. By misjoining claims, a lawyer or party need not balance the payment of the filing fee against the merits of the claim or claims.

The sixty-two plaintiffs here are simply the tip of the iceberg. We have already granted severance orders involving almost two thousand plaintiffs in other actions which are part of this mass tort multidistrict litigation. Two of the complaints had named over seven hundred plaintiffs apiece. There are potentially thousands of additional misjoined plaintiffs. If the $150 fee is eliminated for all severed plaintiffs in MDL 1203, the government will suffer a loss of hundreds of thousands of dollars in revenue at the very time the workload of the clerk's office is being greatly increased because of the added filings.

■■■ As noted above, § 1914(a) requires the clerk to obtain a $150 filing fee from parties "instituting a civil action, suit or proceeding whether by original process, removal or *otherwise.*" (emphasis added). By including the words *proceeding* and *otherwise,* Congress has given the statute a very broad reach. While it is true that the plaintiffs started out with one civil action, this court has now compelled the filing of separate complaints for each of the plaintiffs. The filing of a separate complaint constitutes the institution of a civil action [2] or proceeding—if not by original process or removal, then *otherwise.* See U.S. ex rel LaCorte v. SmithKline Beecham, 149 F.3d 227, 231 n. 3 (3d Cir. 1998).

There is a paucity of reported decisions discussing the imposition of the filing fee. Plaintiffs rely solely on *Adams v. Alliant Techsystems, Inc.,* 2002 WL 220934 (W.D.Va. Feb.13, 2002). In that case, the court granted a motion to sever over three hundred plaintiffs who had sued defendants for hearing loss allegedly due to defendants' negligent conduct of a manufacturing operation where the plaintiffs worked. It denied the defendants' motion to dismiss all but one plaintiff and to require re-filing of the claims and payment of separate filing fees. Instead, it ordered that "Plaintiffs' claims be severed into individual actions" without the payment of additional filing fees. With no analysis of § 1914(a), the court simply said, "it would not be just to require Plaintiffs to re-file their claims and pay separate filing fees after five years of litigation." *Id.* at *3. Another court, however, took the opposite position when it severed claims in an action brought by a single plaintiff against multiple misjoined defendants. It directed the plaintiff to pay the filing fees related to the severance. *DIRECTV v. Loussaert,* 218 F.R.D. 639, 644 (S.D.Iowa 2003).

We agree with the result in *DIRECTV* and decline to follow *Adams.* For the reasons stated above, we view the payment of a $150 filing fee for every severed and amended complaint not only as just but as mandated by § 1914(a). We do not read § 1914(a) to bestow a free ride on misjoined or misjoining plaintiffs.

Since a $150 filing fee has already been paid by Wyeth to remove this action to the federal court, we will not require the first named plaintiff to incur that cost when that plaintiff files a severed and amended complaint. The motion for partial recon-

**2.** Rule 3 of the Federal Rules of Civil Procedure provides, "a civil action is commenced

by filing a complaint with the court."

sideration of PTO No. 3448 will otherwise be denied.

*PRETRIAL ORDER NO. ____*

AND NOW, this    day of May, 2004, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiffs for partial reconsideration of PTO No. 3448 is DENIED except that the first named plaintiff is not required to pay a $150 filing fee when he files a severed and amended complaint.