Sean **BARBER**, et al., Plaintiffs,

v.

**AMERICA'S WHOLESALE LENDER,** et al., Defendants.

No. 8:12–cv–01124–T–27TBM.

United States District Court, M.D. Florida, Tampa Division.

Feb. 25, 2013.

Matthew B. Crane, Adam D. Ford, Ford & Huff LC, South Jordan, UT, Constantine Kalogianis, Kalogianis & Associates, PA, New Port Richey, FL, for Plaintiffs.

Julie S. Sneed, Akerman Senterfitt, Tampa, FL, Aaron S. Weiss, Naomi Massave Berry, Carlton Fields, PA, Marisa M.E. Fortunati, Robert M. Brochin, Morgan, Lewis & Bockius, LLP, Miami, FL, Joshua H. Threadcraft, Burr & Forman, LLP, Birmingham, AL, Cortney R. Kaiserman, Scott L.

Cagan, Gray Robinson, PA, Ft. Lauderdale, FL, David Stockton Hendrix, Mark D. Schellhase, Gray Robinson, PA, Tampa, FL, for Defendants.

## ORDER

JAMES D. WHITTEMORE, District Judge.

**ON JANUARY 17, 2013,** Plaintiffs were directed to show cause in writing why all claims other than those asserted by Sean and Kristina Barber against America's Wholesale Lender should not be severed and dismissed without prejudice (Dkt. 105). Plaintiffs responded to the Order by arguing that their claims satisfy the permissive joinder requirements under Rule 20, Federal Rules of Civil Procedure, both for transactional relatedness and commonality (Dkt. 109). Because Plaintiffs have failed to establish that their claims arise out of the same transaction, occurrence, or series of transactions or occurrences as required to meet the requirements for permissive joinder under Rule 20(a), Plaintiffs' claims are severed and dismissed without prejudice as to all Defendants other than America's Wholesale Lender. Moreover, even if Plaintiffs could satisfy the requirements for permissive joinder under Rule 20, severance of their claims would still be appropriate under Rule 21 based on concerns of fairness, prejudice, expedience, and cost.

### Background: Unrelated Plaintiffs, Defendants, Claims and Defenses

The First Amended Complaint purports to assert claims on behalf of at least 18 different borrowers against at least 9 different lenders arising out of 15 separate mortgages entered into with 10 different lenders. *See* First Amended Complaint, Table of Loans (Dkt. 57-1).[1] In addition, the First Amended

---

1. The original Complaint purported to assert claims on behalf of over 25 plaintiffs against at least 12 different defendants arising out of 21 separate loan transactions. *See* Complaint (Dkt. 1), Ex. A. Plaintiffs Lisa Cantrell–Bollweck and Manfred Bollweck previously dismissed their claims against Wells Fargo Bank, N.A. (Dkt. 63), but assert claims against World Savings Bank in the First Amended Complaint. Plaintiffs Joel Schembri, Michael G. Mazurek, Brian D.

Champnella, and CMS Vacation Properties previously dismissed their claims against Regions Bank f/k/a Regions Mortgage, Inc. (Dkt. 85), but assert claims against AmSouth Bank in the First Amended Complaint. Neither Regions Bank nor Regions Mortgage, Inc. is identified on the "Table of Loans" attached to the First Amended Complaint (Dkt. 57-1). Plaintiffs Michael Wagner, Alice Wagner, Gregory Wagner, Gregory McCarty, and Karol McCarty previously dis-

Complaint names as Defendants various fictitious individuals and entities that "may have liability to Plaintiffs in this matter." *See, e.g., id.* at ¶ 35 ("John Does 1–X, ABC Corporations 1–X, XYZ Partnerships 1–X, and 123 Trusts 1–X").

Plaintiffs claim that they mistakenly believed that they were entering into a traditional borrower/lender relationship with Defendants when in actuality the loans were "conduit" loans designed and intended to be pooled into mortgage-backed investment vehicles known as Real Estate Mortgage Investment Conduits ("**REMIC**").[2] Plaintiffs contend that they were harmed when their the loans were sold to third-party investors as part of the securitization process creating an REMIC. Specifically, Plaintiffs allege:

> The Plaintiffs have been and continue to be significantly harmed by not having a borrower/lender relationship with a lender who has an economic interest in their Loan and who has full authority to amend, modify or alter the terms of the Loan because they would like to modify the terms of their Loan and have learned that they have no lender with whom to negotiate.

*Id.* at ¶ 61. As a result, Plaintiffs "seek[ ] to rescind and/or void the loan agreements based on mistake and missing [sic] of the minds by the parties at contract formation, applying the foundational Peerless [sic] principle to the modern world of home mortgage financing." *Id.* at ¶ 7.

### *Applicable Law*

■ District courts have "unquestionable" authority to control their own dockets. *Canada v. Mathews,* 449 F.2d 253, 255 (5th Cir. 1971) (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).[3] This authority includes "broad discretion in deciding how best to manage the cases before them," *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir.

1997), and should be exercised "so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Rule 20, Federal Rules of Civil Procedure, provides:

> (a) Persons Who May Join or Be Joined.
>> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>>> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>> (B) any question of law or fact common to all plaintiffs will arise in the action.
>> (2) Defendants. Persons—as well as a vessel, cargo, or other property subject to admiralty process in *rem*—may be joined in one action as defendants if:
>>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20. While the misjoinder of parties is normally not a ground for dismissing an action, broad discretion is granted to, "at anytime, on just terms, add or drop a party." Fed.R.Civ.P. 21. Claims may also be severed. *Id.*

■ Although joinder is "strongly encouraged" and the rules are construed generously towards "entertaining the broadest possible scope of action consistent with fairness of the parties," *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218

---

missed their claims against Fifth Third Bank (Dkt. 64) and neither those Plaintiffs nor Fifth Third Bank are named as parties in the First Amended Complaint.

**2.** An REMIC is an entity that holds a fixed pool of mortgages in trust and issues securities representing an undivided interest in those mortgages.

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981)(*en banc* ), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

(1966), district courts enjoy equally broad discretion to sever parties based on misjoinder, *Alexander v. Fulton Cnty., Ga.,* 207 F.3d 1303, 1323 (11th Cir.2000), *overruled on other grounds Manders v. Lee,* 338 F.3d 1304 (11th Cir.2003); *see Swan v. Ray,* 293 F.3d 1252, 1253 (11th Cir.2002) ("The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices.").[4]

### Plaintiffs Fail to Satisfy the Requirements for Permissive Joinder under Rule 20

■ Rule 20(a) permits joinder of claims arising out of "the same transaction or occurrence, or series of transactions or occurrences." *Alexander,* 207 F.3d at 1303. Plaintiffs contend that the transactional relatedness requirement is met because the banks have engaged in "company-wide mortgage securitization policies and practices, and also collectively as part of the same industry-wide policies and practices." Response to Order to Show Cause (Dkt. 109), p. 6. This contention ignores the individualized nature of Plaintiffs' claims as well as the practical difficulties arising from Plaintiffs' attempt at joinder. Plaintiffs' claims involve conduct by different Defendants, different loan documents, different dates, and different operative factual scenarios. In addition, the resolution of each claim would require individualized attention and likely require separate trials. In short, Plaintiffs' claims do not arise out of the "same series of transactions or occurrences" even under a broadest interpretation of the phrase.

■ In determining whether claims arise from the same series of transactions or occurrences, the logical relationship test is applied. *See Smith v. Trans–Siberian Orchestra,* 728 F.Supp.2d 1315, 1319 (M.D.Fla.

2010) (citing *Republic Health Corp. v. Lifemark Hosps. of Fla.,* 755 F.2d 1453, 1455 (11th Cir.1985)). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Id.* (citing *Republic Health,* 755 F.2d at 1455). In other words, "there is a logical relationship when 'the same operative facts serve as the basis of both claims.'" *Republic Health,* 755 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs., Inc.,* 598 F.2d 1357, 1361 (5th Cir.1979)). "[O]nly claims that do not arise from common operative facts are not logically related." *Montgomery Ward Development Corp. v. Juster,* 932 F.2d 1378, 1381 n. 1 (11th Cir. 1991). The "logical relationship standard is a 'loose' one which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Plant,* 598 F.2d at 1361 (internal quotations omitted).

While Plaintiffs' claims may raise similar legal issues,[5] they are not logically related because they do not arise from common operative facts. *See Golden Scorpio Corp. v. Steel Horse Bar & Grill,* 596 F.Supp.2d 1282, 1285 (D.Ariz.2009) ("[a] finding of a common question of law or fact does not necessarily mean that claims against the various defendants arise from a common transaction or occurrence"). Rather, each individual loan made by a Defendant to a Plaintiff was a separate "transaction" or "occurrence." *See Wigand v. West City Partners, Inc.,* No. 07–61492–CIV, 2008 WL 384394, at *1 (S.D.Fla. Feb. 11, 2008) (granting motion to dismiss misjoined plaintiffs in action brought by multiple individuals arising from purchases of condominium units from defendants).

The absence of concerted activity is also fatal to Plaintiffs' attempt at joinder. *See Spaeth v. Michigan State University College*

---

**4.** When assessing whether the requirements of Rule 20(a) are satisfied, the factual allegations in a plaintiff's complaint must be accepted as true. *See Deskovic v. City of Peekskill,* 673 F.Supp.2d 154, 159 (S.D.N.Y.2009).

**5.** Arguably, Plaintiffs satisfy the second requirement for permissive joinder (*i.e.,* that one or more questions of law are common to all of the individual claims). Nevertheless, there are likely

to be numerous legal issues that are not common to all of the purported claims (*i.e.,* statute of limitations, limitation of remedies). Similarly, resolution of the each claim will require individualized factual inquiries, including inquiries relating to the nature and circumstances surrounding the subject transaction, the language in the applicable loan documents, and the parties' state of mind as to the legal effect of each transaction.

*of Law,* 845 F.Supp.2d 48, 53 (D.D.C.2012) ("[plaintiff] cannot join defendants who simply engaged in similar types of behavior, but who are otherwise unrelated; some allegation of concerted action between defendants is required"); *Malibu Media, LLC v. Does 1–11,* 286 F.R.D. 113, 115 (D.D.C.2012) (same); *see also Nassau County Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co.,* 497 F.2d 1151, 1154 (2d Cir.1974) (affirming dismissal where misjoinder of claims brought by associations of insurance agents against 164 insurance companies "was such a gross abuse of procedure that dismissal … for failure to comply with the federal rules is warranted"). Despite Plaintiffs' attempt to characterize the actions of separate banking institutions with respect to different borrowers as a common practice among the defendant banks, the First Amended Complaint lacks an allegation that Defendants engaged in any concerted activity.

Plaintiffs reliance on *DIRECTV, Inc. v. Barrett,* 220 F.R.D. 630 (D.Kan.2004), is misplaced. *DIRECTV,* like the majority of cases cited by Plaintiffs, is distinguishable.[6] In *DIRECTV,* a *single* plaintiff brought an action against alleged owners of "pirate access" devices. Each of the defendants purchased identical, or nearly identical, devices designed to illegally intercept satellite signals or facilitate illegal interception and the records and information that served as the basis for DIRECTV'S claims arose from the same investigations and raids. In addition, DIRECTV would likely introduce similar or identical evidence against each of the defendants in each case. *Id.* at 632. In contrast, this case involves *multiple* Plaintiffs asserting claims against *multiple* Defendants arising from distinct lending transactions and each claim will require the presentation of separate claim-specific evidence.[7]

In sum, Plaintiffs have failed to establish that their claims arise from the "same series of transactions or occurrences" as required for permissive joinder under Rule 20(a). *See*

*Michaels Building Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 682 (6th Cir.1988) (affirming dismissal of defendant bank that was misjoined in action asserting Racketeer Influenced and Corrupt Organization Act and Sherman Act when loan transaction with misjoined bank was unrelated to other matters at issue and transactions involved different banks, different contracts, and different terms); *Ravin v. Hockman,* No. 06–22492–CIV–HUCK, 2007 WL 29248, at *5 (S.D.Fla. Jan. 3, 2007) (severing, as improperly joined, claims by various plaintiffs seeking to recover losses allegedly suffered in connection with various investments in four hotel-to-condominium conversion projects based on purported "formulistic" fraudulent approach employed by the same four defendants).

### Severance of Plaintiffs' Claims would further Judicial Economy, Case Management Concerns, and Fundamental Fairness while also Preventing Undue Prejudice to the Parties

Even if joinder was technically appropriate under Rule 20(a), considerations of judicial economy, case management, prejudice to parties, and fundamental fairness dictate that Plaintiffs' claims be severed under Rule 21. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir.2000) ("[E]ven once the [Rule 20(a) ] requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side."); *see also In re Amergi ex rel. Amergi v. Palestinian Auth.,* 611 F.3d 1350, 1367 (11th Cir.2010) (affirming district court's decision to sever based on case management concerns); *Anderson v. Moorer,* 372 F.2d 747, 750 n. 4 (5th Cir.1967) (considering judicial economy); *Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F.3d 516, 521–22 (5th Cir.2010) (considering fundamental fairness of joinder to the parties).

The fact-specific nature of the claims and defenses that have been, or will be,

---

**6.** The decision in *DIRECTV* recognized that numerous courts across the country had ordered severance of claims in similar DIRECTV cases. *Id.* at 632.

**7.** Moreover, unlike in *DIRECTV* where the court found that "defendants may ultimately benefit from leaving the claims joined," the Defendants in this case will be prejudiced (in terms of cost, delay, *etc.)* absent severance while obtaining little, if any, benefit if the claims remain joined.

raised by the parties, precludes any conclusion that judicial economy would be served by joinder.[8] While the First Amended Complaint does not describe the specific factual circumstances surrounding each loan transaction at issue (nor are the relevant loan documents attached to the First Amended Complaint), it is inevitable that the factual circumstances giving rise to each Plaintiff's claim will vary greatly (*e.g.*, the circumstances surrounding the execution of the loan documents, the statements made by each Defendant, the knowledge of each Plaintiff, the date of each transaction, the language of the loan documents, and the history/transfer/ownership of each loan).[9] At a minimum, resolution of Plaintiffs' claims will require an individualized inquiry into the state of mind of each Plaintiff and each Defendant at the time of each separate transaction. *See, e.g.,* First Amended Complaint (Dkt. 57), ¶ 40 ("At the time the Loans were entered into, the Plaintiffs did not know that they would end up in a relationship with a loan servicing company."), ¶ 44 ("The Defendants knew there was no meeting of the minds on this crucial point when the Loans were entered into."). In contrast, there are few, if any, litigation or judicial economies to be gained by joinder.

■ When, as here, judicial economy is not served by joining claims, severance is appropriate. *See U.S. v. Timmons,* 672 F.2d 1373, 1380 (11th Cir.1982) ("[T]he district court acted well within its discretion in denying joinder ... pursuant to Fed.R.Civ.P. 20(a). The district judge appropriately considered that joinder would not serve the interests of judicial economy...."). Significant case management concerns, the likely prejudice to Defendants in terms of cost and delay absent severance, and fundamental fairness also weigh in favor of severance.

### Conclusion

Plaintiffs have failed to establish that their claims arise out of the same transaction, occurrence, or series of transactions or occurrences as required to meet the requirements for permissive joinder under Rule 20(a). Moreover, even if Plaintiffs could satisfy the requirements for permissive joinder, severance of their claims is appropriate under Rule 21 in order to address concerns of fairness, prejudice, expedience, and cost.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) The claims of all Plaintiffs are **SEVERED.** Plaintiffs' claims against Bank of America, N.A., Central Pacific Mortgage Company (as successor-in-interest to Ivanhoe Financial), JPMorgan Chase Bank, N.A., One West Bank, F.S.B. (as successor-in-interest to IndyMac Bank), PNC Bank (as successor-in-interest to National City Bank and National City Mortgage), Regions Bank (as successor-in-interest to AmSouth Bank), SunTrust Mortgage, Inc., and Wells Fargo Bank, N.A. (as successor-in-interest to World Savings Bank and Wachovia Mortgage Corporation) are **DISMISSED** without prejudice.

(2) The claims of Sean Barber and Kristina Barber against America's Wholesale Lender shall remain pending in this case. The Clerk is directed to **TERMINATE** all other parties from the docket.

(3) Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss and Motion to Strike (Dkt. 76), One West Bank, FSB's Motion to Dismiss or, in the alternative, to Strike (Dkt. 84), Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs'

---

**8.** The procedural and case management difficulties associated with the joinder of so many plaintiffs asserting claims against numerous defendants arising out of distinct financial transactions is also readily demonstrated by the record. For example, despite the case not yet being at issue, there are more than 114 separate docket entries, including over 500 pages of memoranda and exhibits filed in connection with 8 pending substantive motions. Similarly, the fact that the parties were unable to timely file a Case Management Report as required by the Local Rules only foreshadows the numerous difficulties that are likely to arise in the future absent severance.

**9.** The distinct nature of Plaintiffs' claims is further evident from various allegations in the First Amended Complaint. *See, e.g.,* First Amended Complaint (Dkt. 57), ¶ 10 ("Some Plaintiff's are late on their mortgage payments, some Plaintiffs are not."), ¶ 38 ("Some of the Plaintiffs knew that the Loan could be sold or assumed by a new lender....").

Amended Complaint (Dkt. 91), Defendant, SunTrust Mortgage, Inc.'s, Motion to Dismiss First Amended Complaint or, in the alternative, for a More Definite Statement, and Motion to Strike Jury Trial Demand (Dkt. 93), and Defendant PNC Bank, N.A.'s Motion to Dismiss or, in the alternative, to Strike (Dkt. 97) are **DENIED** as moot.

(4) SunTrust Mortgage's, Inc.'s Motion for Rule 11 Sanctions (Dkt. 94) and Defendant, WellsFargo Bank, N.A.'s Second Amended Motion for Rule 11 Sanctions (Dkt. 110) are **DENIED** without prejudice.

(5) The Court reserves ruling on Defendants America's Wholesale Lender and Bank of America, N.A.'s Motion to Dismiss First Amended Complaint and Motion to Strike Demand for Jury Trial (Dkt. 92) with respect to Plaintiffs' claims against America's Wholesale Lender.