**DIRECTV, INC., Plaintiff,**

v.

**Tolbert P. ADKINS, et al., Defendants.**

**No. 1:03CV00064.**

United States District Court,
W.D. Virginia.
Abingdon Division.

April 1, 2004.

---

John H. Jamnback, Yarmuth Wilsdon Calfo PLLC, Seattle, Washington, and Benjamin J. Lambiotte, Garvey Schubert Barer, Washington, D.C., for Plaintiff.

Carl E. McAfee, McAfee Law Firm, P.C., Norton, Virginia, for Defendants Tolbert P. Adkins, Darrell Coleman, Elwood Dykes, and Rex Rife.

## OPINION AND ORDER

JONES, District Judge.

DIRECTV, Inc. ("DIRECTV") brings this action seeking damages for the unauthorized reception of its satellite television programming and the unlawful distribution of electronic devices designed to steal such programming, in violation of federal law, and for various state law tort claims. The case is presently before me on cross-motions for summary judgment. After consideration of the pertinent authorities, I find there are no genuine issues of material fact with regard to the plaintiff's claim that the defendants distributed such devices in violation of the Federal Communications Act, and I grant the plaintiff's motions for summary judgment in part.

I

Plaintiff DIRECTV operates a television satellite broadcast system. This lawsuit is one of many it has filed against individuals across the country in an attempt to deter

the unauthorized reception and decryption of its subscription and pay-per-view programming. DIRECTV's current efforts are targeted at individuals who purchased black market electronic devices in an effort to circumvent DIRECTV's encryption measures and receive its satellite programming without paying for it.

Based on business records obtained from Mountain Electronics, an Arizona Internet retailer, DIRECTV filed the present action against six named individuals. It is alleged that each of them purchased numerous "signal theft devices" with the intent to distribute them to others. (Compl.¶ 34.) The causes of action are alleged to arise under the Federal Communications Act, 47 U.S.C.A. §§ 605(a), 605(e)(4) (West 2001); the Digital Millennium Copyright Act, 17 U.S.C.A. §§ 1201(a)(2), 1201(b)(1) (West 1996 & Supp.2003); the Electronic Communications Privacy Act, 18 U.S.C.A. §§ 2511(1)(a), 2512(1)(b) (West 2000); unjust enrichment; tortious interference; and unfair competition.

DIRECTV's present motions relate to defendants Tolbert Adkins, Darrell Coleman, Elwood Dykes, and Rex Rife. DIRECTV alleges that each of these defendants purchased 205, 15, 20, and 82 "bootloaders," respectively. (Pl.'s Summ. J. Mem. 4.) Bootloaders are devices that allow unauthorized access to DIRECTV programming by enabling illegally modified access cards. (Netrino Expert Report 4.)

During discovery, each of the four defendants invoked his Fifth Amendment right against self-incrimination in response to requests for admission, interrogatories, and deposition questions relating to any activities of purchasing or distributing signal theft devices. Given the number of bootloaders each defendant allegedly purchased, DIRECTV claims that the evidence permits a reasonable inference that each defendant engaged in selling or redistributing these devices to end users, in violation of 47 U.S.C.A. § 605(e)(4). Accordingly, DIRECTV files the present motions asserting that there is no genuine issue of material fact as to the unlawful distribution claims under the Federal Communications Act and requesting a grant of summary judgment in its favor on those specific claims. DIRECTV maintains that upon favorable rulings on its summary judgment motions, it will dismiss the remaining claims against these four defendants.

In addition to opposing the plaintiff's motions for summary judgment, each of these four defendants has also filed his own motion requesting summary judgment on the plaintiff's claim set forth in Count Six of the Complaint under the Electronic Communications Privacy Act. They assert that this law does not authorize a private cause of action against those who may manufacture, assemble, possess, or sell signal theft devices and that summary judgment in their favor on this claim should be granted as a matter of law. See DIRECTV, Inc. v. Boggess, 300 F.Supp.2d 444, 448 (S.D.W.Va.2004) (holding that no private cause of action exists under 18 U.S.C.A. § 2512).

The motions have been briefed and are ripe for decision.

II

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate only where the evidence as a whole shows that no genuine issues as to any material fact exist to be resolved by a jury and that the moving party is entitled to judgment as a matter of law. See Clark v. Alexander, 85 F.3d 146, 150 (4th Cir. 1996). Although the moving party must provide more than a conclusory statement that there are no genuine issues of materi-

al fact to support a motion for summary judgment, it " 'need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case.' " *Cray Communications, Inc. v. Novatel Computer Sys., Inc.,* 33 F.3d 390, 393–94 (4th Cir.1994) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2720, at 10 (2d ed. Supp.1994)); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed. R.Civ.P. 56(e)). The nonmoving party's evidence must be probative, not merely colorable, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); cannot be "conclusory statements, without specific evidentiary support," *Causey v. Balog,* 162 F.3d 795, 801–02 (4th Cir.1998); cannot be hearsay, *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 962 (4th Cir.1996); and must "contain admissible evidence and be based on personal knowledge." *Id.* Finally, although any discrepancies in or any inferences drawn from the evidence must be resolved in favor of the non-moving party, such determinations must "fall within the range of reasonable probability and [may] not be so tenuous as to amount to speculation or conjecture." *Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.,* 57 F.3d 1317, 1323 (4th Cir.1995).

## III

The plaintiff's motions for summary judgment center on its claim set forth in Count Two of the Complaint alleging that each of the defendants distributed signal theft devices in violation of the Federal Communications Act, 47 U.S.C.A. §§ 605(e)(3)(A) and 605(e)(4). The latter section authorizes criminal penalties against "[a]ny person who ... distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services[,]" 47 U.S.C.A. § 605(e)(4), while the former creates a civil cause of action in federal court for "any person aggrieved" by a violation of § 605(e)(4). 47 U.S.C.A. § 605(e)(3)(A).

■ As an initial matter, in order to have standing to bring this claim, the plaintiff must demonstrate that it is a "person aggrieved" within the meaning of the Federal Communications Act. The Act explicitly states that for purposes of § 605(e)(4), the term "any person aggrieved" includes "any person engaged in the lawful manufacture, distribution, or sale of equipment necessary to authorize or receive satellite cable programming." 47 U.S.C.A. § 605(d)(6). DIRECTV maintains that it is a "direct broadcast satellite service" and that it relays its programming to subscribers by means of orbital satellites, mini-satellite dishes, integrated receiver/decoder units, and electronically enabled access cards. (Rissler Dec. ¶¶ 9, 13, 14.) It further maintains that it provides this equipment to legitimate subscribers when they initiate their contract. (Id. at ¶ 16.) The defendants do not contest these representations. Thus, for purposes of the issues at hand, the plaintiff is a "person aggrieved" and has standing to bring a civil cause of action for damages it

sustained as a result of any violations of § 605(e)(4). *See DIRECTV, Inc. v. Boonstra,* 302 F.Supp.2d 822, 829 (W.D.Mich. 2004) (holding that plaintiff lawfully distributed equipment to authorized subscribers so they could receive satellite programming and thus had standing to sue for violations of 47 U.S.C.A. § 605(e)(4)).

■ On the merits of the motion, the plaintiff, as the movant, bears the burden to demonstrate that the evidence in the record shows that there is no genuine issue of material fact that the defendants sold or distributed bootloaders, having reason to know that the devices' primary function was to assist in unlawfully decrypting encrypted satellite programming. DIRECTV has submitted into evidence purchase records from Mountain Electronics to substantiate its allegations that defendants Adkins, Coleman, Dykes, and Rife each purchased 205, 15, 20, and 82 signal theft devices, respectively. (Straw Dec. Ex. B1.) The evidence also shows that the Mountain Electronics website from which the defendants allegedly purchased at least some bootloaders contained a strongly-worded disclaimer that warned any surfer of the site that use of the information and products available on the site may be illegal in the United States. (Rissler Dec. Ex. A1.) DIRECTV further maintains that the bootloaders sold by Mountain Electronics and purchased by each of the defendants are "primarily of assistance in the unauthorized decryption of DIRECTV's satellite transmissions of television programming and [have] no commercially significant purpose or use other than to circumvent the DIRECTV conditional access system." (Netrino Expert Report 4.) Furthermore, each bootloader can re-enable only one disabled DIRECTV access card and one integrated receiver/decoder unit. (Rissler Dec. ¶ 27.)

The defendants have not submitted evidence to persuasively contest these propositions and create a genuine issue of material fact. Prior to the start of discovery and in conjunction with a motion to set aside the entry of default, defendants Adkins, Coleman, and Dykes submitted an affidavit in which each denied ever "resell[ing], offer[ing], provid[ing], distribut[ing], and/or traffic[king] in" any illegal satellite signal theft devices. (Adkins Aff. 1; Coleman Aff. 2; Dykes Aff. 1.) Defendant Rife has submitted no similar affidavit but denied all allegations in his answer to the plaintiff's complaint. (Rife Answer ¶¶ 1–42.) However, during discovery, in response to the plaintiff's requests for admission and interrogatories, defendants Adkins, Coleman, and Rife admitted to their residential and electronic mail addresses but plead the Fifth Amendment on the remaining seventy-seven requests. (Jamnback Dec. Ex. C2.) Defendant Dykes provided only his residential address. (*Id.*) Likewise, when deposed by plaintiff's counsel, each defendant invoked his Fifth Amendment rights for all substantive questions relating to any purchase or redistribution of signal theft devices. (*Id.* Ex. C3). The defendants' decision to plead the Fifth Amendment leaves me no choice but to find that the evidence in the record indicates that there is no genuine issue of material fact that each of the four defendants purchased signal theft devices and knew that their sole purpose was for the unlawful decryption of encrypted DIRECTV satellite programming.

■ The only question remaining is whether DIRECTV has sufficiently shown that there is no genuine issue of material fact that the defendants sold or distributed in any manner the bootloaders they purchased. Because the defendants invoked the Fifth Amendment during discovery, there is no direct evidence in the record as to what happened to the signal theft devices once they were allegedly purchased

by the defendants. However, in a civil case, a fact-finder may deduce unfavorable inferences from a defendant's reliance on the Fifth Amendment privilege. *See ePlus Tech., Inc. v. Aboud,* 313 F.3d 166, 179 (4th Cir.2002). In light of the affidavits and answer presented by the defendants earlier in the litigation and the number of bootloaders allegedly purchased by each of the defendants, I find that there is sufficient evidence in the record to raise an inference that the defendants redistributed the bootloaders after purchase, thereby violating 47 U.S.C.A. § 605(e)(4). *See Cablevision of S. Conn., L.P. v. Smith,* 141 F.Supp.2d 277, 287 (D.Conn.2001) (holding that it was reasonable to infer that a defendant who failed to appear sold or distributed nineteen of the twenty black market decoders he allegedly purchased from an unauthorized dealer). The defendants have presented no credible evidence to the contrary, nor could they, since they have plead the Fifth Amendment in discovery.

In summary, I find that the defendants have not shown the existence of any genuine issue of material fact with regard to the plaintiff's claims against them for unlawful sale or distribution of signal theft devices in violation of the Federal Communications Act. Thus, the plaintiff's motions for summary judgment on this claim with regard to defendants Adkins, Coleman, Dykes and Rife are granted on the merits.

There remains the question of the appropriate relief. DIRECTV seeks statutory damages against each of the defendants in the amount of $10,000 for each signal theft device purchased, together with attorneys' fees. *See* 47 U.S.C.A. § 605(e)(3). In addition, it seeks a permanent injunction against each defendant to restrain further violations of the law. *See* 47 U.S.C.A. § 605(e)(3)(B)(i). Before awarding such relief, however, I will afford the defendants an opportunity to present any grounds in opposition thereto.

Finally, the defendants have moved for summary judgment on claims under the Electronic Communications Privacy Act. However, the plaintiff has represented that, upon favorable rulings on its present summary judgment motions, all of its other claims, including those under the Electronic Communications Privacy Act, may be dismissed. Accordingly, it is not necessary for me to rule on the defendants' motions for summary judgment, and I express no opinion on the legal arguments presented.

## IV

For the foregoing reasons, it is **ORDERED** as follows:

1. Plaintiff DIRECTV's motions for summary judgment against defendants Tolbert P. Adkins, Darrell Coleman, Elwood Dykes, and Rex Rife as to Count Two of the Complaint are granted;

2. All of the remaining causes of action by Plaintiff DIRECTV against said defendants are dismissed;

3. Said defendants' motions for summary judgment as to Count Six of the Complaint are denied as moot; and

4. If the said defendants, or any of them, object to the relief sought against them, they must file the grounds of such objection within 20 days of the date of entry of this Order. Otherwise, such relief requested will be granted without further proceedings.