**MOVIE SYSTEMS, INC., an Iowa Corporation, Plaintiff,**

v.

**Diane ABEL and 99 others, Gerald Befort and 97 others, Keith Bufis and 99 others, V. Daniel and 99 others, Keith J. Elwood and 99 others, Arthur German and 99 others, S. Hamm and 99 others, Boyd F. Houser and 99 others, Paul F. Kane and 99 others, James Lambert and 99 others, William L. McLevish and 99 others, Taylor Muller and 99 others, Michael Owczarzak and 99 others, Leonard H. Ramotar and 99 others, S. Schlief and 98 others, John Speak and 99 others, James Tobiason and 99 others, Norman K. Williams and 97 others, Defendants.**

Civ. Nos. 3–83–621, 3–83–645, 3–83–644, 3–83–643, 3–83–646 to 3–83–648, 3–83–651 to 3–83–656, and 3–83–670 to 3–83–674.

United States District Court,
D. Minnesota,
Third Division.

Sept. 9, 1983.

MEMORANDUM & ORDER

DEVITT, Senior District Judge.

Plaintiff, a distributor of television entertainment programs, claiming unlawful pirating of its microwave signals, has attempted a shotgun action against 1795 individual party defendants by filing 18 similarly worded actions with approximately 100 defendants allocated to each filing.

The attempted filing of these actions with such an inordinate number of party defendants in each raises an issue of proper joinder of parties under Rule 20, has created unmanageable administrative problems

in the clerk's office and has occasioned unfairness, confusion and prejudice to defendants in their efforts to answer plaintiff's complaints, make responsive motions and conduct pre-trial proceedings.

The court has invited responses from all parties. Responses and briefs have been filed by plaintiff and by many defendants.

On the basis of the files and records, the court finds a misjoinder of party defendants in contravention of the "same transaction" requirement of Rule 20(a). It may be that the complaints assert a right to relief against all defendants arising from *similar* transactions, but the rule permitting joinder requires that such arise from the *same* transactions. They don't here. Each of the complaints states a separate cause of action against each of the 1795 defendants. No concert of action is alleged, nor could it be because the operative facts of each transaction are distinct and unrelated to any other. There is no claim that the alleged pirating of microwave signals was done other than independently by each of the 1795 defendants. An allegation of joint action is required. *Nassau County Assoc. of Ins. Agents, Inc. v. Aetna Life,* 497 F.2d 1151 (2nd Cir.1974); *Insull v. New York World Telegram Corp.,* 172 F.Supp. 615 (N.D.Ill. 1959).

Movie Systems' efforts to conduct inappropriate wholesale litigation of this kind in the Eastern District of Wisconsin was aborted by Chief Judge John W. Reynolds on July 26, 1983. *Movie Systems, Inc. v. Abad, et al.,* 83 C. 825 thru 83–C–830. The same disposition was made of a similar attempt at shotgun fillings in the Southern District of Indiana by a six person en banc United States District Court on July 18, 1983. *Hossier Homes Theater, Inc. v. Spaulding Enterprises, Inc., et al.,* No. IP 83–998–C thru 1010–C.

Even if tolerably permitted by Rule 20(a), the court finds that prejudice to defendants and insurmountable difficulties in the proper administration of the clerk's office far outweigh any financial saving and convenience to plaintiff were we to sanction misjoinder of defendants as attempted.

IT IS ORDERED THAT:

1.   All defendants except the first named in each of the above entitled actions are dropped from the law suits in which each is named and the court declares process, if any, served on the subsequently named defendants ineffective to establish jurisdiction.

2.   If plaintiff wishes to pursue its purported actions against defendants dropped, it must make separate filings against, and effect proper separate service of process upon, each individual defendant.

3.   Plaintiff promptly serve a copy of this Memorandum and Order upon each defendant named in each of the above captioned law suits by September 16, 1983 and to forthwith file proof of compliance with this direction.