**DIRECTV, INC., a California corporation, Plaintiff,**

v.

**Patrick ARMELLINO, Michael Delgiudice, Ralphie Diaz, James McMahon, Alfredo Micalizzi, Matthew Osman, Richard Pennamen, John Schmitt, Thomas Seaman, and Dale St. Lewis, Defendants.**

**No. CV–03–2630 (ADS)(MLO).**

United States District Court, E.D. New York.

July 28, 2003.

Garvey Schubert Barer, by Paul V. Greco, Esq., Of Counsel, New York City, for Plaintiff.

**ORDER**

SPATT, District Judge.

DIRECTV brings this action against Patrick Armellino ("Armellino"), Michael Delgiudice ("Delgiudice"), Ralphie Diaz ("Diaz"), James McMahon ("McMahon"), Alfredo Micalizzi ("Micalizzi"), Matthew Osman ("Osman"), Richard Pennamen ("Pennamen"), John Schmitt ("Schmitt"), Thomas Seaman ("Seaman") and Dale St. Lewis ("St.Lewis") alleging that they intercepted the plaintiff's television programming by means of "Pirate Access Devices" in violation of 47 U.S.C. § 605 and 18 U.S.C. §§ 2510–2521. Each defendant is involved in a separate and discrete incident and the alleged acts are not related.

It is improper to join defendants who are unrelated either factually or legally. *See CSC Holdings Inc. v. Tack,* 00–CV–3555 (JS) (E.D.N.Y. filed on June 16, 2000). In *Tack,* the plaintiff commenced an action against a number of defendants alleging that they intercepted its cable programming services by means of unauthorized "pirate" cable television converter-decoders. There, the Honorable Joanna Seybert issued an order, dismissing, without prejudice, the claims against all but the first named defendant, pursuant to Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"). Based upon the reasons set forth in that Order, dated Febru-

ary 20, 2001, the Court finds that dismissal of the claims against all but the first named defendant is appropriate here. Accordingly, the Court dismisses without prejudice the claims against all of the defendants, except Armellino.

The plaintiff is advised that all future claims of this nature must be instituted separately against individual defendants. Such claims turn on the fact-specific question of whether each defendant intercepted DIRECTV's broadcasts. DIRECTV does not plead any facts which indicate that there is any connection whatsoever among the various defendants. DIRECTV's attempt to use distinct and unrelated acts by unrelated defendants as a basis for joinder is not proper. There is neither a "common transaction or occurrence" nor "common question of law" as required by Rule 20 of the Federal Rules of Civil Procedure.

Based on the foregoing, the Court dismisses the claims against all of the defendants, except Armellino. The Clerk of the Court is directed to amend the caption as follows:

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

DIRECTV, Inc., a California corporation, Plaintiff,

–against–

PATRICK ARMELLINO, Defendant.

CV–03–2630(ADS)(MLO)

**SO ORDERED.**