**DIRECTV, INC., Plaintiff,**

v.

**Everett BOGGESS, et al., Defendants.**

**No. CIV.A. 2:03–2147.**

United States District Court,
S.D. West Virginia.
Charleston Division.

Feb. 13, 2004.

W. Henry Lawrence, IV, Clarksburg, WV, Armando Benincasa, Charleston, WV, Clement D. Carter, Virginia Beach, VA, for Plaintiff Direct, Inc.

Edward M. Hall, Morgantown, WV, for Defendant Dianna Johnson.

**ORDER**

GOODWIN, District Judge.

Pending before the court is the defendant Dianna Johnson's motion to dismiss [Docket 20]. Ms. Johnson moves the court (1) to dismiss Count 3 of the plaintiff DIRECTV, Inc.'s complaint [Docket 1] for failure to state a claim upon which relief can be granted and (2) to dismiss Ms. Johnson from the action because of the improper joinder of parties. Count 3 of the complaint alleges that the defendant is civilly liable for violating 18 U.S.C. § 2512. Because neither 18 U.S.C. § 2512 nor 18 U.S.C. § 2520 provides for civil liability for violations of 18 U.S.C. § 2512, I **FIND** that Count 3 of the complaint fails to state a claim for which relief can be granted.

Accordingly, I **GRANT** the defendant's motion to dismiss Count 3 of the complaint. I also **FIND** that the claims against Ms. Johnson are not reasonably related to the claims against the other defendants, and I therefore **GRANT** Ms. Johnson's motion to dismiss pursuant to Federal Rules of Civil Procedure 20 and 21. I also **FIND** that all other defendants except the first named defendant are improperly joined, and, accordingly, **ORDER** *sua sponte* the dismissal without prejudice of all other defendants except the first named defendant.

## I. Background

DIRECTV, Inc. (DIRECTV) is a California-based company that distributes satellite television programming to over ten million customers in the United States. To prevent the unauthorized reception and use of its programming, DIRECTV digitally scrambles its programming using encryption technology. DIRECTV's customers use satellite receivers and access cards to unscramble the programming. Access cards are small cards that contain computer-type chips that unscramble DIRECTV's satellite programming and monitor purchases by DIRECTV's customers of pay-per-view programming. To prevent the unauthorized use of access cards, DIRECTV periodically transmits streams of data that disable unauthorized access cards.

Although DIRECTV encrypts its television programming and disables unauthorized access cards, devices exist that allow individuals to circumvent DIRECTV's efforts to protect its programming from unauthorized viewing. These black market devices, known as pirate access devices, are readily available through Internet retailers. Pirate access devices employ hardware and software that restore the ability of disabled access cards to unscramble DIRECTV's programming.

On September 10, 2003, DIRECTV filed a complaint against Ms. Johnson and nine other defendants. DIRECTV alleges that the defendants purchased pirate access devices from Whiteviper, an Internet retailer. DIRECTV further alleges, in Count 3, that the defendants are civilly liable for possessing these pirate access devices in violation of 18 U.S.C. § 2512.[1] Section 2512 is a criminal statute, but DIRECTV asserts that 18 U.S.C. § 2520[2] creates a private cause of action against persons who violate § 2512.

Ms. Johnson seeks the dismissal of Count 3 of the complaint. She contends that, contrary to DIRECTV's assertion, § 2520 does not provide for civil liability for violations of § 2512. Ms. Johnson also claims that she should be entirely dismissed from the action because she was improperly joined with the other nine defendants.

## II. Discussion

### A. No Private Cause of Action Exists for Violations of § 2512

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, a court must accept all well-pleaded allegations in the

---

**1.** Section 2512 provides, in pertinent part, that "any person who intentionally ... manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of ... electronic communications ... shall be fined ... or imprisoned ...." 18 U.S.C. § 2512 (2000).

**2.** Section 2520 provides: "Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520 (2000).

complaint as true and view them in the light most favorable to the plaintiff. *De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir.1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969)). A court can only grant a Rule 12(b)(6) motion to dismiss if a "plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In support of her assertion that no private cause of action exists for violations of § 2512, the defendant relies primarily on *Flowers v. Tandy Corporation*, 773 F.2d 585 (4th Cir.1985). There, the Fourth Circuit examined § 2512 and § 2520 and found "no merit in [the] assertion that § 2520 expressly provides a private cause of action for violations of the criminal proscriptions of § 2512." *Id.* at 588. Section 2520 has been amended since *Flowers*, however, and the plaintiff contends that the amended version of § 2520 supersedes *Flowers*. I must determine, therefore, whether amendments to § 2520 have supplanted the holding of *Flowers*, creating a private cause of action against violators of § 2512.

To determine if amendments to § 2520 have superceded *Flowers*, I must first examine *Flowers* and the then-existing version of § 2520 to establish whether *Flowers* applies to the facts in the instant case. When *Flowers* was written, § 2520 stated, in part, "[a]ny person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall ... have a civil cause of action against any person who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use such communications ...." 18 U.S.C. § 2520, *amended by* Pub.L. 99–508, § 103 (1986). The Fourth Circuit, in *Flowers*, concluded that § 2520 "expressly limits those against whom the private action lies to the person who 'intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications.'" *Id.* at 588. The court then compared the language of § 2520 to the language of § 2512, finding that the causes of action provided for in § 2520 were much different from the acts proscribed by § 2512 (which proscribes manufacturing, assembling, possessing, and selling devices capable of intercepting protected communications as opposed to the interception, disclosure, or use of such communications).[3] *Id.* at 589. Next, the court noted that a cause of action for the acts proscribed by § 2512 should not be implied and held that "§ 2512 provides ... no private cause of action against the seller or manufacturer of a device primarily useful for wiretapping." *Id.* at 589.

The plaintiff asserts that, because the holding of *Flowers* only mentions sellers and manufacturers, it does not apply in cases in which the defendants allegedly possessed pirate access devices but did not manufacture or sell such devices. In support of its argument, the plaintiff claims that the Fourth Circuit carefully limited the holding of *Flowers* to exclude from civil liability only sellers or manufacturers of illegal equipment who have not acted to intercept, disclose or use protected communications. *See id.* at 589 (stating that "§ 2512 provides by implication no private cause of action against the seller or manufacturer of a device primarily useful for wiretapping"). Although the plaintiff correctly states the holding of *Flowers*, other language in *Flowers* refutes the plaintiff's claim that the court intended to exclude only sellers and manufacturers from potential civil liability. Specifically, the court

---

**3.** The court noted that the language of § 2520 more closely tracked the language of 18 U.S.C. § 2511, which proscribes the interception, disclosure, and use of protected communications.

stated that there was no merit "in [the] assertion that § 2520 expressly provides a private cause of action for violations of the criminal proscriptions of § 2512." *Id.* at 588. Contrary to plaintiff's argument, the Fourth Circuit clearly indicated that *all* acts proscribed by § 2512 are excluded from civil actions, and therefore, *Flowers* directly addresses the issue before the court.

■ Next, I must determine whether *Flowers* was superseded by amendments to § 2520. Simply put, if the amended version of § 2520 confers a private cause of action for violations of § 2512, then *Flowers* was superseded. The amended version of § 2520 provides: "Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate." To interpret § 2520, I must "give effect to the intent of Congress, and in doing so [my] first reference is ... to the literal meaning of the words employed." *See Flora v. United States*, 357 U.S. 63, 65, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958). The critical language of § 2520(a) unambiguously pro-

vides that "any person whose ... electronic communication is intercepted, disclosed, or intentionally used" may recover "from the person or entity which engaged in *that* violation" (emphasis added). Giving these words their literal meaning, the class of violations for which a person can recover *only* includes violations involving the interception, disclosure, or intentional use of electronic communications. As previously stated, § 2512 creates criminal liability for, among other acts, the manufacture, assembly, or possession of devices designed to intercept electronic communications surreptitiously. Notably absent from § 2512, however, is any language regarding the interception, disclosure, or intentional use of electronic communications. Because § 2512 contains no language related to intercepting, disclosing or intentionally using electronic communications, § 2520 cannot reasonably be interpreted to confer a right to a private cause of action against violators of § 2512.

The plaintiff argues that the amended version of § 2520 permits any individual whose electronic communication has been intercepted, disclosed, or used to sue any individual who violates *any* section of Chapter 119 (18 U.S.C. §§ 2510–20), thus providing for a cause of action against violators of § 2512.[4] Specifically, the

---

**4.** Several district courts have ruled on this issue. Of these courts, a narrow majority has held that a private cause of action exists against violators of § 2512. *See DIRECTV, Inc. v. Cioto*, No. CV–03–0975–PHX–FJM (D.Ariz. Nov. 7, 2003); *DIRECTV, Inc. v. Cook*, No. 03–0229–CV–W–DW (W.D.Mo. Oct. 9, 2003); *DIRECTV, Inc. v. Dougherty*, No. 02–5576(FLW) (D.N.J. filed on Oct. 8, 2003); *DIRECTV, Inc. v. Pence*, No. 6:03CV245 (E.D.Tex. Sept. 16, 2003); *Directv, Inc. v. Perez*, 279 F.Supp.2d 962 (N.D.Ill.2003); *DIRECTV, Inc. v. Gerke*, No. A–03–CV–321 JN (W.D.Tex. July 14, 2003); *DIRECTV, Inc. v. Diaz*, No. 6:03–cv–232–Orl–31JGG (M.D. Fla. June 27, 2003); *DIRECTV, Inc. v. La Andy*, No. H–03–0836 (S.D. Tex. June 17, 2003); *DIRECTV, Inc. v. Garcia*, No. 03–20452–CIV

LENARD/SIMONTON (S.D.Fla. May 21, 2003); *DirecTV, Inc. v. Calamanco*, No. C 02–4102–MWB, 2003 WL 21956187 (N.D.Iowa Jan.21, 2003); *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F.Supp.2d 1077 (C.D.Cal.2002); *Oceanic Cablevision, Inc. v. M.D. Elecs.*, 771 F.Supp. 1019 (D.Neb.1991). However, an almost equal number of district courts have held that violators of § 2512 are not subject to civil liability. *See DirecTV, Inc. v. Bertram*, No. Civ. 03–3239(RHK), 2003 WL 23100312 (D.Minn. Dec.30, 2003); *Directv, Inc. v. Jerolleman*, No. Civ.A. 03–1465, 2003 WL 22697177 (E.D.La. Nov.12, 2003); *DIRECTV, Inc. v. Beecher*, No. 1:03–CV–0309 DFH, 2003 WL 23094715 (S.D.Ind. Nov.7, 2003); *DirecTV, Inc. v. Westendorf*, No. 03 C 50210, 2003 WL 22139786 (N.D.Ill. Sept.16, 2003);

plaintiff asserts that § 2520 now addresses civil liability in three sections that: (1) establish a group that is excluded from liability ("Except as provided ·in section 2511(2)(a)(ii)"); (2) define the potential class of plaintiffs ("any person whose wire, oral, or electronic communication is intercepted, disclosed or intentionally used in violation of [Chapter 119]"); and (3) define the class of potential defendants ("the person or entity which engaged in that violation ...."). The plaintiff suggests that when § 2520 is viewed as three distinct parts, the language "that violation" in the third section creates a right to a private cause of action for the potential group of plaintiffs against violators of *any* section of Chapter 119 except § 2511(2)(a)(ii).

I disagree. Although the earlier version of § 2520 more clearly defined the potential class of defendants ("any person who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use such communications ..."), the amended version, which refers to the potential class of defendants as individuals that "engaged in that violation," does not expressly change the potential class of defendants. After comparing the two versions of § 2520, it appears that Congress substituted the language "engaged in that violation" for the more descriptive language contained in the superseded version without intending to change the potential class of defendants. Because there is no indication that Congress intended to change the class of potential defendants, a statutory cause of action should not be

implied where no such action was expressly created.[5] *See Transamerica Mortgage Advisors Inc. v. Lewis*, 444 U.S. 11, 19, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) (stating that "[i]t is an elemental canon of statutory construction that where a statute expressly·provides a particular remedy ..., a court must be chary of reading others into it"); *Flowers*, 773 F.2d at 589 (stating that "implied causes of action are disfavored and should be found only where a statute clearly indicates that ... Congress intended such a cause of action to lie"). Because there is no clear indication that Congress intended to create a cause of action against violators of § 2512, I refuse to imply such a cause of action. Therefore, I FIND that the amended version of § 2520 does not supersede *Flowers* and, consequently, does not create a cause of action for violations of § 2512. Accordingly, Count 3 of the complaint fails to state a claim for which relief can be granted.

## C. DIRECTV Improperly Joined Defendant Ms. Johnson

The plaintiff has joined ten defendants in this action, claiming that each defendant is properly joined because they each allegedly purchased and used pirate access devices to .intercept DIRECTV's satellite television programming. Ms. Johnson, in her motion to dismiss, argues that the defendants are not properly joined because the pirate access devices at issue were separate and distinct devices allegedly purchased in separate transactions by un-

---

*DIRECTV, Inc. v. Hosey*, 289 F.Supp.2d 1259 (D.Kan.2003); *Directv, Inc. v. Childers*, 274 F.Supp.2d 1287 (M.D.Ala.2003); *DIRECTV, Inc. v. Cardona*, 275 F.Supp.2d 1357 (M.D.Fla.2003); *DirecTV, Inc. v. Amato*, 269 F.Supp.2d 688 (E.D.Va.2003); *The Ages Group, L.P. v. Raytheon Aircraft Comp.*, 22 F.Supp.2d 1310 (M.D.Ala.1998).

**5.** Several district courts that have considered *Flowers* have concluded that *Flowers* was not

superseded by amendments to § 2520. *See, e.g., DirecTV, Inc. v. Bertram*, No. 03–3239, 2003 WL 23100312, at *4 (Dec. 30, 2003); *DIRECTV, Inc. v. Hosey*, 289 F.Supp.2d 1259, 1264 (D.Kan.2003); *Directv, Inc. v. Childers*, 274 F.Supp.2d 1287, 1289 (M.D.Ala.2003); *DirecTV, Inc. v. Amato*, 269 F.Supp.2d 688, 691(E.D.Va.2003). *But see DIRECTV, Inc. v. Cook*, No. 03–0229–CV–W–DW, at 3 (W.D.Mo. Oct. 9, 2003).

**449**

related individuals. Consequently, Ms. Johnson moves the court to dismiss her from this action pursuant to Federal Rule of Civil Procedure 21.

▮ Federal Rule of Civil Procedure 20 provides that individuals may be joined as defendants in a single action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Thus, parties are misjoined if "the claims asserted ... against the joined parties do not arise out of the same transaction or occurrence or do not present some common question of law or fact." *Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D.W.Va.1993) (citing Wright, Miller & Kane, *Federal Practice and Procedure* § 1683 (2nd ed.1986)). The same transaction and common question requirements should be "liberally construed in the interest of convenience and judicial economy." *Jonas*, 149 F.R.D. at 523 (citations omitted). Even when liberally construed, however, actions only arise out of the same transaction or occurrence if they are "reasonably related claims for relief." *See Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir.1983) (*per curiam*) (citation omitted). To be reasonably related, the actions must involve more than just similar goods that are used for a similar purpose. *See Directv, Inc. v. Perez*, No. 03 C 3504, 2003 WL 22682344, at *1 (N.D.Ill., Nov. 12, 2003). In other words, the plaintiff must allege more than "distinct and unrelated acts by unrelated defendants." *DIRECTV, Inc. v. Armellino*, 216 F.R.D. 240, 241 (E.D.N.Y.2003).

▮ The plaintiff asserts that the defendants' actions are "reasonably related" because the claims against each defendant are identical, each defendant caused the same kind of damage to the plaintiff, and the records and other information that provide the foundation for the plaintiff's claims arose from the same investigation and raids. The plaintiff fails to claim, however, that the defendants acted in concert or that the transactions were closely related. The only connection between the defendants is that all of the pirate access devices were allegedly purchased from the same Internet retailer and were allegedly used to intercept the same satellite signal. Without any other claimed connections between the defendants, the plaintiff's allegations amount to no more than a claim that ten unrelated defendants engaged in distinct and unrelated conduct. The plaintiff's minimal allegations are too remote to meet the "reasonably related" test.

Since DIRECTV has filed almost identical actions in courts across the country, several courts have ruled on similar motions to dismiss for the improper joinder of defendants. An overwhelming majority of these courts have concluded, as this court does, that unrelated defendants who purchase pirate access devices in separate transactions engage in distinct and unrelated acts. *See, e.g., Directv, Inc. v. Perez*, No. 03 C 3504, 2003 WL 22682344, at *1 (N.D.Ill. Nov.12, 2003); *Directv, Inc. v. Serio*, No. 03 C 3491, 2003 WL 22682354, at *1 (N.D.Ill. Nov. 12, 2003); *In Re Multiple–Defendant Cases Filed By DIRECTV, Inc.* (W.D.Mich. Oct. 21, 2003); *DIRECTV, Inc. v. Barrett*, No. 03–3242 RHK/AJB (D.Minn. Oct. 2, 2003); *DIRECTV v. Loussaert*, 218 F.R.D. 639, 643 (S.D.Iowa 2003); *DIRECTV, Inc. v. Hurst*, No. CIV–03–0674–F (W.D.Okla. Aug. 8, 2003); *Armellino*, 216 F.R.D. at 240; *In Re: Cases Filed By DIRECTV, Inc.*, Supplemental Gen. Order No.2003–03 (N.D. Ohio June 18, 2003). *But see DIRECTV, Inc. v. Menhart*, No. 2:03cv386, at 4 (E.D.Va. August 4, 2003) (refusing to hold that the defendants' alleged acts did not arise out of the same "series of transac-

tions or occurrences."); *Hosey,* 289 F.Supp.2d at 1262 (holding that the claims arose of the same transaction or occurrence). Because the claims for relief against Ms. Johnson are not reasonably related to the claims for relief against the other defendants, I **FIND** that Ms. Johnson was improperly joined with the other nine defendants.

Federal Rule of Civil Procedure 21 provides a remedy for misjoined parties, stating: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claims against a party may be severed and proceeded with separately." The language "[p]arties may be dropped" essentially means that parties may be dismissed. *See* 4 James Wm. Moore et al., *Moore's Federal Practice* § 21.02 (3d ed.2003) (stating that the court may "drop (dismiss) parties ...."). Accordingly, I **FIND** that the dismissal of Ms. Johnson from the action is an available and appropriate remedy for her misjoinder.

### III. CONCLUSION

For the reasons discussed, I **FIND** that § 2520 does not create a private cause of action against violators of § 2512, and pursuant to Rule 12(b)(6), I **GRANT** the defendant's motion to dismiss Count 3 of the complaint. I also **FIND** that the pleadings fail to establish a reasonable relationship between the claims against Ms. Johnson and the claims against the other defendants, and therefore, Ms. Johnson is an improper party in this action. Consequently, pursuant to Federal Rule of Civil Procedure 21, I **GRANT** Ms. Johnson's motion to dismiss for improper joinder, and I **DISMISS** Ms. Johnson without prejudice. I also **ORDER** *sua sponte* the dismissal without prejudice of all other defendants in this action except for the first named defendant. If the plaintiff desires to pursue an action against any of the dismissed defendants, it must file against and effect proper service of process upon such dismissed defendants. To prevent unjust harm to the plaintiff, any action against a dismissed defendant that is filed within twenty days of this order will relate back to the original filing date.

I **DIRECT** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and **DIRECT** the Clerk to post this published opinion at http://www.wvsd.uscourts.gov.