**DIRECTV, Inc., Plaintiff,**

v.

**Christopher COLLINS, et al., Defendants.**

No. 3:03cv204.

United States District Court,
S.D. Ohio,
Western Division.

July 9, 2007.

**409**

David A. Wallace, Zeiger & Carpenter, Columbus, OH, for Plaintiff.

Mark John Donatelli, Peterson and Peterson, Xenia, OH, James Mark Schottenstein, Schottenstein Legal Services, Columbus, OH, Dean E. Hines, Dean Edward Hines Co. LPA, Dayton, OH, for Defendants.

Amy Head, Kettering, OH, pro se.

DECISION AND ENTRY OVERRULING DEFENDANT TONY MOFFETT'S MOTION TO DISMISS FOR IMPROPER JOINDER (DOC. # 14); SEVERANCE ORDERED; PRIOR SCHEDULING ORDER (DOC. # 38) STAYED; CONFERENCE CALL SET

RICE, District Judge.

This lawsuit is one of many filed in U.S. District Courts across the country by DIRECTV, Inc. ("DIRECTV" or "Plaintiff"), a provider of subscription broadcast satellite services. Plaintiff alleges piracy of its programming by the use of devices that descramble satellite signals. Defendants are individuals residing in this District, who have allegedly purchased such devices. Plaintiff brings one claim under the Federal Communications Act of 1934 and two claims under the Electronic Communications Privacy Act, to wit: Unauthorized Reception of Satellite Signals in Violation of 47 U.S.C. § 605(a) (Count One), Unauthorized Interception of Electronic Communications in Violation of 18 U.S.C. § 2511(1)(a) (Count Two), and Possession of Pirate Access Devices in Violation of 18 U.S.C. § 2512(1)(b) (Count Three). Juris-

diction in this Court is proper, pursuant to 28 U.S.C. § 1331.

The matter is currently before the Court on Defendant Tony Moffett's Motion to Dismiss For Improper Joinder of Defendants (Doc. # 14). For the reasons assigned herein, the Court agrees that joinder in this matter was improper. However, because dismissal is not the proper remedy for improper joinder, Defendant's motion is overruled. Instead, the claims against Defendants are to be severed, pursuant to Federal Rule of Procedure 21.

I. Background

DIRECTV, Inc. ("DIRECTV"), is a California-based corporation that distributes satellite television programming to customers across the United States. To prevent unauthorized reception and use of its programming, it digitally scrambles its programming using encryption technology. DIRECTV's customers use satellite receivers and access cards to unscramble the programming. Access cards are small cards that contain computer-type chips that unscramble DIRECTV's satellite programming.

Although DIRECTV encrypts its television programming, devices exist that allow individuals to circumvent DIRECTV's efforts to protect its programming from unauthorized viewing. These devices, known as pirate access devices, are available through Internet retailers. Pirate access devices allow their users to unscramble DIRECTV's programming.

On or about May 25, 2001, Plaintiff, with the assistance of law enforcement officials, executed several writs of seizure upon a mail shipping facility used by several sources of pirate technology. Those raids produced sales records, shipping records and other communications that led to the present action against Defendants. Plaintiff's Complaint alleges that the nine Defendants herein purchased pirate devices from a total of three different vendors.[1]

1. Defendants Christopher Collins, Amy Head, Tony Moffett and Harold Roberts are alleged to have purchased devices from Vector Technologies. Defendants Mike Compton, Derek Frazier,

Greg Kalmbach and Scott Lanzer are alleged to have purchased devices from Canadian Security and Technology. Defendant Delbert B. Scott is

## II. Analysis

Federal Rule of Civil Procedure 20(a) provides that individuals may be joined as defendants in a single action if (1) "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or rising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "if any question of law or fact common to all defendants will arise in the action." Pursuant to Rule 21, "[m]isjoinder is not ground for dismissal of an action." Instead, parties may be dropped or added, or claims against misjoined parties may be severed and proceeded with separately.

As this Court has noted recently, the common questions requirement is usually easily met. *Scott v. Fairbanks Capital Corp.,* 284 F.Supp.2d 880, 888 (S.D.Ohio 2003). This case is no exception, in that it is clear from the face of the Complaint that common questions of law exist as to all Defendants.

■ The first requirement, respecting transactional relatedness, however, is typically thornier. Although an easy requirement to articulate, this test is often difficult to apply, and requires a case-by-case analysis. *Bridgeport Music, Inc. v. 11C Music,* 202 F.R.D. 229, 231–32 (M.D.Tenn.2001). "[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir.1974) (cited with approval by *Crutcher v. Com. of Ky.,* 961 F.2d 1576 (6th Cir.1992)).

■ Even construing the transactional relatedness element liberally, it is abundantly clear that Plaintiff's Complaint does not meet this requirement. The only similarity between the Defendants is that they allegedly intercepted the same satellite signal. There is no indication that the Defendants herein acted in concert with each other, or even that they knew each other. Even more notably, Defendants are alleged to have purchased pirating devices from different vendors. In urging that this Court overrule Defendant Moffett's motion, Plaintiff relies heavily upon two decisions from the Eastern District of

alleged to have purchased one or more devices

Missouri where, in a nearly identical action brought by DIRECTV against alleged signal pirates, the Court overruled a similar motion under Rule 20. *See DIRECTV, Inc. v. Hurwitz,* No. 02–1940 (E.D.Mo. Feb. 26, 2003); *DIRECTV, Inc. v. Ellebracht,* No. 02–1496 (E.D.Mo. Nov. 26, 2002). However, as Defendant Moffett notes in his Reply (Doc. # 27 at 4 n. 1), both of those cases involved Defendants alleged to have purchased devices from the same vendor. Further, even if Defendants were alleged to have purchased their devices from the same vendor, it is unclear, notwithstanding the conclusion reached by the Eastern District of Missouri, that such would suffice to find that joinder was proper. In fact, other courts have found improper joinder in nearly identical suits brought by DIRECTV, even where the defendants were alleged to have purchased pirate devices from the same vendor. *See DIRECTV, Inc. v. Boggess,* 300 F.Supp.2d 444, (S.D.W.Va. 2004). There, the court noted that "[t]he only connection between the defendants is that all of the pirate access devices were allegedly purchased from the same Internet retailer and were allegedly used to intercept the same satellite signal." *Id.* at 449. In this case, not even that much is true, as the nine Defendants herein are alleged to have purchased devices from a total of *three* different vendors.

The dissimilarities among the Defendants do not end there. Given the disparate factual situations among them, it is reasonable to expect that each Defendant will present unique defenses. Plaintiff's only argument with respect to this requirement (other than that Defendant Moffett failed to cite cases in support of his position) is that the series of transactions involving Defendants are connected by the purchase of illegal devices from the same manufacturers, the shipment through the same distribution center and the same purpose for which each device was designed and purchased (Doc. # 25 at 5–6). However, to borrow a particularly apt analogy from Judge Coar of the Northern District of Illinois, these transactions are logically related to one another "in the same way that purchases of milk from the grocery store are

from DSS–Stuff.

logically related to each other: each transaction involves a transaction in a similar good for a similar purpose." *DirecTV, Inc. v. Perez*, 2003 WL 22682344, at *1 (N.D.Ill. Nov. 12, 2003). Here, as there, the similarities go no further.

Accordingly, the Court finds that Plaintiff has misjoined parties under Rule 20. In reaching this conclusion, it joins the other judges of this District who have also found misjoinder in nearly identical cases. *See DI-RECTV, Inc. v. Ditmer*, Case No. 1:03cv132 (S.D.Ohio Aug. 3, 2003) (Beckwith, J.); *DI-RECTV, Inc. v. Adams*, Case No. 2:03cv821 (S.D.Ohio Oct. 8, 2003) (Graham, J.); *DI-RECTV, Inc. v. Bordenkircher*, Case No. 2:02cv352 (S.D.Ohio Oct. 16, 2003) (Frost, J.); *DIRECTV, Inc. v. Angle*, Case No. 2:03cv448 (S.D.Ohio Oct. 22, 2003) (Marbley, J.); *DI-RECTV, Inc. v. Miller*, Case No. 3:03cv173 (S.D.Ohio Dec. 16, 2003) (Rose, J.). Moreover, it joins the overwhelming majority of courts around the country that have considered similar motions in nearly identical cases and reached the same conclusion. *See, e.g., DIRECTV, Inc. v. Boggess*, 300 F.Supp.2d 444, (S.D.W.Va.2004); *DirecTV, Inc. v. Perez*, 2003 WL 22682344, at *1 (N.D.Ill. Nov. 12, 2003); *DirecTV, Inc. v. Serio*, 2003 WL 22682354, at *1 (N.D.Ill. Nov.12, 2003); *DIRECTV v. Loussaert*, 218 F.R.D. 639, 643 (S.D.Iowa 2003); *DIRECTV, Inc. v. Armellino*, 216 F.R.D. 240 (E.D.N.Y.2003); *In Re: Cases Filed By DIRECTV, Inc.*, Supplemental Gen. Order No.2003-03 (N.D. Ohio June 18, 2003). *But see DIRECTV, Inc. v. Hosey*, 289 F.Supp.2d 1259, 1262 (D.Kan.2003) (holding that the claims arose of the same transaction or occurrence).

■ However, as noted *supra*, Rule 21 indicates that misjoinder is not grounds for dismissal. Instead, pursuant to Rule 21, the Complaint against Defendants herein shall be severed to create an individual case against each Defendant.[2] The Court does not intend

for the severance to have any substantive effect upon Plaintiff's claims against these Defendants. Moreover, the Court adopts the measures utilized by the court in *DIRECTV, Inc. v. Hennis*, Case No. 2:03cv163 (S.D.Ohio Oct. 8, 2003), in directing the Clerk of the Court and Plaintiff to adopt the following procedure to implement the severance:

1. Plaintiff's claims against Defendant Moffett shall be severed such that he becomes a defendant in a new lawsuit, to which a new case number will be assigned. The first named Defendant, Christopher Collins, shall remain in the original lawsuit, Case No. 3:03cv204.

2. For each of the new eight (8) DIRECTV cases created in this matter, Plaintiff shall pay a civil filing fee and file a civil cover sheet. In the box on the civil cover sheet allocated for the Defendant's name, Plaintiff shall include the Defendant's name and the designation "Severed from Case No. 3:03cv204." In the box on the civil cover sheet allocated to related cases, the case from which the action was severed shall be noted.

3. The Clerk of Court shall enter the following language on the docket of each newly opened case: "Refer to the Electronic Case Filing System for Case Number 3:03cv204, for prior entries."

4. In all future pleadings in these cases, Plaintiff shall note on the caption page both the new case number and the notation "Severed from Case Number 3:03cv204."

5. The new cases created by the severance shall be assigned to the undersigned judge.

Plaintiff has improperly joined Defendants in this matter, yet, because Defendant Moffett asks for the incorrect remedy, his Motion To Dismiss For Improper Joinder (Doc. # 14) is overruled. However, for the reasons explained *supra*, the Court orders the claims

---

2. Plaintiff argues that severance will not avoid prejudice, aid settlement or promote judicial economy. The Court offers no opinion as to the *propriety* of any of these arguments, and notes simply that severance is proper, due to Plaintiff's failure to comply with the strictures of Rule 20. Plaintiff also argues that severance "makes no practical or legal sense" because consolidation would be proper under Rule 42 (Doc. # 25 at 9). This is a non sequitur. As the cases cited by Plaintiff suggest, severance under Rule 21 and consolidation under Rule 42 are not mutually exclusive. The Court, at this time, however, offers no opinion as to whether consolidation may be appropriate in this case.

412

against the Defendants to be severed, in the manner prescribed herein.

The prior Scheduling Order (Doc. # 38) is stayed. Counsel listed below, all Plaintiff's counsel and counsel for each of the nine (9) Defendants, will take note that a telephone conference call will be held, beginning at 5:15 PM on Tuesday, April 20, 2004, for the purpose of discussing a new scheduling order for each of the now nine (9) individual cases.