**PPV CONNECTION, INC., Plaintiff,**

v.

**Juan NIEVES–SOSA, et al., Defendants.**

**Civil No.  09–1448(FAB).**

United States District Court, D. Puerto Rico.

June 2, 2010.

Fernando J. Gierbolini–Gonzalez, Gierbolini Law Office, San Juan, PR, for Plaintiff.

Jose Rafael Santiago–Pereles, Santiago Pereles & Collazo, PSC, Ponce, PR, for Defendants.

## MEMORANDUM & ORDER[1]

BESOSA, District Judge.

On March 19, 2009, plaintiff PPV Connection, Inc. ("PPVC") filed a complaint against many defendants[2] under the Communications Act of 1934, *as amended by* 47 U.S.C. §§ 553 (1992), 605 (1996), for illegally intercepting television programming and infringing on PPVC's exclusive rights to broadcast that programming. (Docket No. 1) PPVC asserts that the defendants (mostly owners of restaurants, pubs, and bars) illegally intercepted the cable signal of a live television program[3] and broadcasted it, or assisted in its broadcasting, to patrons in their respective establishments.

On January 12, 2010, defendant Jose A. Rodriguez–Lespier filed a motion to dismiss for improper joinder, pursuant to the Federal Rule of Civil Procedure 20(2) ("Rule 20(2)"). (Docket No. 35) Defendant argues that the claim against him is not transactionally related to the claim against the first-named defendant. He claims he would therefore be unduly prejudiced at trial by having to present his case alongside the other named defendants. (Docket No. 35 at 6–7)

The Court considers the defendant's motion unopposed because PPVC failed to submit any opposing argument. The Court's independent analysis follows.

### Legal Standards

Under Rule 20(2), defendants may be joined if: (1) a right to relief is asserted against them jointly or severally, or the claims against them "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and (2) defendants share common questions of law or fact in the action. Fed.R.Civ.P. 20.

In cases involving unlawful communication interception, the second prong—showing that defendants share common questions of law or fact—is easily satisfied because the cases concern the same federal anti-piracy laws. *Don King Productions, Inc. v. Colon–Rosario*, 561 F.Supp.2d 189, 191 (D.P.R.2008) (observing that in unlawful communication interception cases, the second prong of Rule 20 is "easily met"; quoting *DIRECTV v. Collins*, 244 F.R.D. 408, 410 (D.Ohio 2007)). Thus, in these cases, where defendants are not alleged to be jointly or severally liable, assertions of improper joinder often hinge on the first prong of Rule 20—transactional relatedness, a "thornier" prong that is "often difficult to apply, and requires a case-by-case analysis." *Id.*

In two recent communication interception cases from the District of Puerto Rico, *PPV Connection, Inc. v. Cuevas–Nieves*, No. 09–1460, 2010 WL 339063, January 21, 2010 (D.P.R.2010), and *PPV Connection, Inc. v. Melendez*, 679 F.Supp.2d 254 (D.P.R.2010), this Court followed a threshold articulated in *Don King Productions* (also a case arising in the District of Puerto Rico), holding that joinder was improper when: (1) there was no allegation that defendants acted in concert, (2) the only connection between defendants was that they were alleged to have violated the same federal anti-piracy laws for cable television, (3) defendants were likely to employ different defenses, and (4) defendants were likely to confront different evidence. *Cuevas–Nieves*, 2010 WL 339063 at *3 (citing *Don King Productions*, 561 F.Supp.2d at 191–194). The analyses in *Cuevas–Nieves* and *Melendez* mirrored those made by several other district courts in finding that joinder in communication-interception cases typically lacks the requisite transactional relatedness because the defendants in those cases were

1. Margaret–Ann Scotti, a second year student at Georgetown University Law Center, assisted in the preparation of this Memorandum and Order.

2. Many defendants have been dismissed. The remaining defendants are: Juan Nieves–Sosa, Gerardo Lebron, Jose Lebron, Federico Steidel, Hector Alcaide–Cordona, Luis Rivera, Dalila Rosario–Dominguez, Roberto Torres–Rosario, Francisco Sanchez, Julio Orozco, Ivan Rosa, Jose A. Rodriguez–Lespier, William Guzman–Lebron,

Pedro Javier Morales, Gerardo Lebron, and Ruben Mercado. The plaintiff also names as defendants each defendant's spouse and conjugal partnership. (*See* Docket No. 1)

3. The program that defendants allegedly interpreted and broadcasted was the closed-circuit telecast of the Miguel Cotto/Antonio Margarito boxing match on July 26, 2008. (Docket No. 1 at 4)

44

involved in discrete transactions, and would therefore likely employ different defenses and confront different evidence. *See, e.g., DIRECTV v. Boggess,* 300 F.Supp.2d 444, 449 (S.D.W.V.2004) (finding that ten defendants' independent interceptions of satellite television programming were "too remote to meet the 'reasonably related' test"); *DIRECTV v. Armellino,* 216 F.R.D. 240, 241 (E.D.N.Y.2003) (finding that the independent interceptions of television programming are "distinct and unrelated acts" and not a proper basis for joining defendants). This Court applies the *Don King Productions* elements of analysis set forth in and applied in these other communication interception cases to this case.

## Discussion

### 1. Whether defendants acted in concert

■ Here, PPVC does not allege that defendant Rodriguez–Lespier or the other joined defendants were acting in concert with the first-named defendant, and this Court is unable to imagine or infer from the facts presented that defendants acted in concert. (Docket No. 1)

### 2. Connections between the defendants

PPVC alleges that defendants violated the same federal anti-piracy laws by intercepting and broadcasting the same television program. (Docket No. 1) PPVC does not allege, and defendants do not show, any other connection between defendants, such as business deals between them related to the television program at issue, any profit-making scheme related to the program, or any sort of communication among the defendants showing any connection related to the program.

This Court does not find that intercepting the same live television program alone satisfies the sort of "connection" needed to establish the second element of the Don King Productions rubric. Plaintiffs in *Cuevas–Nieves* and *Melendez* argued that the interceptions of the same live television program by the defendants in those cases demonstrated transactional relatedness among the defendants. Nevertheless, this Court found in *Melendez* that the involvement of the same television program "[bore] little relevance" to whether there was sufficient transactional re-

latedness among the defendants. *Melendez,* 679 F.Supp.2d at 258. The Court instead focused on the third and fourth elements of *Don King Productions.* This Court must also focus on the third and fourth elements of the *Don King Productions* analysis because there are no facts alleging any connection among defendants, except for the fact that each allegedly intercepted the same television program.

### 3. Whether defendants would likely employ different defenses or confront different evidence

Like the defendants in *Cuevas–Nieves* and *Melendez,* the defendants in this case are the owners of different venues, each of which allegedly intercepted PPVC's signal of the same television program. (Docket No. 1) In both *Cuevas–Nieves* and *Melendez,* the Court concluded that defendants had "different, albeit similar" transactions from which claims arose, so the Court assumed that the defendants would use different defenses and encounter different evidence. *Melendez,* 679 F.Supp.2d at 258; *Cuevas–Nieves,* 2010 WL 339063 at *4. In his motion, defendant Rodriguez–Lespier stresses that there are significant differences between his venue, a restaurant, and the co-defendants' bars and pubs, which usually broadcast these types of television programs and charge entrance fees. (Docket No. 35 at 5) The only evidence that is certain to be similar from the facts alleged is the timing of the broadcasting because the television program at issue was a live event. Thus, from the facts alleged and from what the Court can reasonably infer from the facts, it is likely that the defendants in this case will employ distinct defenses and encounter different evidence.

After weighing the four elements set forth in *Don King Productions,* the Court finds that the first prong of Rule 20 is not met in this case because the claims against them do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed.R.Civ.P. 20. The defendant is thus correct that the defendants are improperly joined in this case.

### 4. Prejudicial effect on joined defendants

In addition to the *Don King Productions* elements, the Court weighs any possible

prejudice that may arise from allowing defendants to remain joined in this case. Trying many claims against multiple defendants in a single trial carries the risk of confusing the jury and influencing its perception of individual cases. *See Movie Systems, Inc. v. Abel,* 99 F.R.D. 129, 130 (D.C.Minn.1983)(finding that trying multiple defendants charged with independently pirating films would likely confuse the jury with the many facts and issues presented to it). In this case, it is likely that the factual differences between the many defendants will give rise to many different defenses and the presentation of evidence unique to each defendant. Presenting a diverse multitude of facts and issues could confuse the jury or taint their perception of individual cases. This kind of confusion or taint could prejudice all parties involved in the case; thus, the claims against the defendants should be pursued separately to avoid the possibility of prejudice.

### Conclusion

■ This Court finds that each of the defendants are alleged to have engaged in the same *kind* of illegal transaction, but they nevertheless do not face claims "arising out of the *same* transaction, occurrence, or series of transactions or occurrences," as required under Rule 20. (emphasis added); see *Abel,* 99 F.R.D. at 130 (finding that multiple defendants who were alleged to have independently pirated films engaged in "similar," but not the "same transaction" as required by Rule 20). All but the first named defendant in this case will be dismissed from the present case for the reasons stated above.[4]

For these reasons, the Court **GRANTS** the defendant's motion for dismissal for improper joinder and **DISMISSES WITHOUT PREJUDICE** PPVC's claims against all defendants except for the first one named.

**IT IS SO ORDERED.**

---

[4] Although no other defendants raised the issue of misjoinder, misjoinder can be raised *sua sponte* under Rule 21. *See Cuevas–Nieves,* 2010

WL 339063 at *3 (citing Rule 21 as allowing the court to raise misjoinder issues *sua sponte* ).